## Waugh, Appellant, *v.* Steelton Taxicab Company.

Argued May 28, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused September 29, 1952.

*Harold R. Prowell,* with him *Elmer E. Harter, Jr.* and *Prowell & Harter,* for appellant.

*Arthur Berman,* with him *Samuel Handler* and *Compton, Handler & Berman,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 24, 1952:

The plaintiff, who was injured while riding in a taxicab owned by a "Steelton Taxicab Company", brought a suit in trespass against the said Steelton Taxicab Company, designating it as a corporation, only to find, after the statute of limitations had run, that the said taxicab "company" was not a corporation but a fictitious name used by Anthony John Kosir in the conduct of his taxicab business.

The plaintiff then obtained a rule on Kosir to show cause why the complaint should not be amended to substitute as defendant, instead of the designation originally employed, the name of Anthony John Kosir trading and doing business as the Steelton Taxicab Company. The lower court discharged the rule and the plaintiff appealed.

Legal principle and precedent, as well as elemental logic and justice coincide to authorize the filing of the amendment. The sheriff served the complaint at Kosir's business office and upon Pearl Clark, his employe. There is no doubt, therefore, that the correct agency charged with responsibility for the accident was served even though under a wrong name.

It would be strange indeed if the law would permit a person actually responsible for a civil or criminal act to escape accountability because the summons or warrant served on him named him Richard Roe instead of John Doe. In the case of *Wright v. Eureka Tempered Copper Company*, 206 Pa. 274, 55 A. 978, the defendant actually served and actually responsible was the Eureka Copper Works, although the defendant was erroneously described as "Eureka Tempered Copper Company." The lower court there also refused to allow an amendment to correct the name. Upon appeal, this Court said: "In this case there is no dispute as to what was intended and what was actually done in bringing the suit. . . . He [counsel for plaintiff] served the right party, the manager of the copper works, and thus brought that company into court, but under a wrong name. The mistake in bringing the suit was in the name of the party actually summoned, and not in suing the wrong party, and the amendment should have been allowed. The judgment is reversed with a procedendo."

The same principle is involved where the entity sued is decribed as a corporation but it develops later that the defendant intended and actually served with process is a partnership. In *McGinnis v. Valvoline Oil Works, Ltd.*, 251 Pa. 407, 96 A. 1038, the Court authorized an amendment which changed "The Valvoline Oil Works, Limited, a corporation," to "The Valvoline Oil Works, Limited," a partnership association. In *Gozdonovic v. Pleasant Hills Realty Co., et al.*, 357 Pa. 23, 53 A. 2d 73, the defendant was named as "Pleasant Hills Realty Company, a corporation." Subsequently discovering that the company was not a corporation, but a partnership, the plaintiff moved to amend and was permitted to do so although the statute of limitations had then run. On appeal here, this Court said: "The question for determination is whether the right party was

sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party. . . . The defendant newly named under the amendment was merely the partnership entity. . . The amendment as allowed, therefore, did not substitute any new parties upon whom liability could be imposed; the action was still directed against the entity which was Kartub's employer, and the designation of that entity could properly be changed from that of corporation to partnership."

The mistake of the plaintiff in this case was a natural one. The word "company", when used as part of a name of a business enterprise reasonably suggests a corporation, and the public logically assumes, having no notice to the contrary, that it is a corporation. Where a private individual uses "company" as a fictitious name, he may deceive the public whether he intends to do so or not. In the present state of the law, there is nothing to prevent any individual, no matter how meager his resources, from magnifying his prestige by tacking "company" after his name. Whether artificial ballooning of one's importance should be permitted in this manner is a question for the legislature and not for the courts. Our only province is to permit any innocent person who has been deprived of his day in court as a result of such deception to file the necessary amendment which will bring him back into court.

In refusing the amendment asked for, the lower court said: ". . . if the effect of an amendment will be solely to correct the name under which the right party, who is in court, was sued it should be allowed, if not prejudicial to the other party, even though the statute of limitations has run." To attach as a condition, in allowing an amendment where the right party is in court, that that party must not be prejudiced, is to produce a condition that devours the grace because the

defendant is always bound to be prejudiced. That is the whole purpose of the procedure, namely that the defendant be required to answer for an offense charged against him.

The lower court quotes from *Miller, Admrx. v. Jacobs, Admrx.,* supra, 361 Pa. 492, 497: ". . . While it is true that the name of a party *already on the record* may be corrected at any time, it is elementary that a *new party,* or a party *in a different capacity,* cannot be brought on the record after the statute of limitations has become a bar. . ." But that proposition is not involved here at all because Kosir is not a new party nor is he a party in a different capacity. Although Kosir was wearing the cloak of the Steelton Taxicab Company he was the precise person involved in the accident and he was precisely the person served, through his agent employed in his very business office.

Other decisions relied on by the defendant and by the court below were cases where the plaintiff endeavored to include in the amendment business partners who were not embraced in the scope of action at all since they would not be personally liable for any judgment returned against the company which had been named as the defendant. Nor is an amendment permissible where the suit is first brought against a person as an administrator, executor or trustee and the proposed amendment attempts to bring him on the record in his own individual capacity. In such a situation an estate is being sued in the first instance and in the amended proceedings an individual in his own right is being sued.

In the case at bar no one other than Kosir was ever involved because *there was no entity* as the Steelton Taxicab Company *apart from the personality of Kosir.*

The judgment below is reversed with a procedendo.

DISSENTING OPINION BY MR. JUSTICE BELL:

Plaintiff on September 3, 1948, while riding as a passenger in a taxicab owned by Anthony John Kosir, suffered personal injuries. On September 1, 1950, plaintiff brought an action of trespass against Steelton Taxicab Company and in his complaint described defendant as a Pennsylvania corporation. No such corporation was in existence and if a verdict and judgment had been obtained against the defendant corporation, it would have been absolutely void.

On October 17, 1950, after the statute of limitations had expired, plaintiff presented a petition and rule to show cause why his complaint should not be amended to change the name of the defendant to "Anthony John Kosir, an individual trading as Steelton Taxicab Co." Plaintiff in 1948 could have ascertained from the Prothonotary's office that Anthony John Kosir was trading as Steelton Taxicab Co. and had so registered under the Fictitious Names Act. Plaintiff in 1948-50 could also have ascertained from the corporation records that there was no Pennsylvania corporation in existence by the name of Steelton Taxicab Company. The lower court discharged plaintiff's rule to show cause and this appeal followed.

The law is clearly settled that after the statute of limitations has run an amendment will be allowed if its effect is merely to correct the name under which the right party was sued, but will not be allowed if its effect is to introduce a new cause of action or bring in a new party or change the capacity in which the defendant is sued where such change imposes for the first time a personal liability: *Bender v. Penfield*, 235 Pa. 58, 83 A. 585; *Markowitz v. Ararat Dye Works*, 73 Pa. Superior Ct. 129; *Girardi v. Laquin Lumber Co.*, 232 Pa. 1, 81 A. 63; *Shenandoah Borough v. Philadelphia*, 367 Pa. 180, 79 A. 2d 433; *Davis v. Cohen & Co., Inc.*, 268

U.S. 638; *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A. 2d 73; *Miller v. Jacobs*, 361 Pa. 492, 65 A. 2d 362.

The effect of the proposed amendment was not a change of form but a change of substance. If a verdict and judgment were obtained against the original defendant no levy or execution could be made or had against Kosir or his assets; if the amendment were allowed and a verdict and judgment obtained by plaintiff, Kosir's assets could be taken in execution.

The majority rely upon *McGinnis v. Valvoline Oil Works, Ltd.*, 251 Pa. 407, 96 A. 1038 and *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A. 2d 73, which are clearly distinguishable. In those cases the defendant was referred to as a corporation and the amendment changed this to a partnership association or *entity*. The distinction is apparent from the opinion of Mr. Justice STERN in *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa., supra, in which he said: "It is to be noted that plaintiff did not attempt to bring in as defendants the individual members of the partnership; this clearly would not have been permissible (Girardi v. Laquin Lumber Co., 232 Pa. 1, 81 A. 63). The defendant newly named under the amendment was merely the partnership entity. It is always permissible to prosecute an action against a partnership in its firm name instead of against the individuals trading as the partnership: Pa. R.C.P. 2128 (a); see also Pa. R.C.P. 2132 (a); in such case the judgment obtained does not impose liability upon the individual partners nor permit of execution being issued against their individual property: Tonge v. Item Publishing Co., 244 Pa. 417, 425, 91 A. 229, 231, 232; Shelansky v. Weinfeld & Son, 82 Pa. Superior Ct. 180, 182. The amendment as allowed, therefore, did not substitute any new parties upon whom liability could be imposed; the action was still directed

against the entity which was Kartub's employer, and the designation of the entity could properly be changed from that of corporation to partnership: McGinnis v. Valvoline Oil Works, 251 Pa. 407, 96 A. 1038; 121 A.L.R. 1329 et seq."

*Girardi v. Laquin Lumber Co.,* 232 Pa. 1, 81 A. 63, is analogous and controlling. The Court there said (page 2) : "This appeal is from an order discharging a rule to amend the record by making new parties defendants after the statute of limitations had become a bar to a new action. The action was brought against the *Laquin Lumber Company,* a corporation. The amendment proposed was to name as defendants a partnership, composed of six persons, trading as the *Laquin Lumber Company.* The allowance of the amendment would have brought new parties on the record. Under the rule established by our cases this cannot be done. . . . If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party it will be refused: Wright v. Copper Co., 206 Pa. 274."

Moreover, the fact that process was served upon the agent of the party whom the amendment seeks to now make a party of record does not give the Court jurisdiction: *Davis v. Cohen & Co., Inc.,* 268 U.S. supra; *Markowitz v. Ararat Dye Works,* 73 Pa. Superior Ct., supra; *White Co. v. Fayette Auto Co.,* 43 Pa. Superior Ct. 532.

In *Davis v. Cohen & Co., Inc.,* the amendment sought unsuccessfully to substitute, after the expiration of the statute of limitations, the Director General of Railroads who had taken over the New York, New Haven & Hartford R.R. Co., as the representative of the United States. The Supreme Court of the United States said (page 641) : "And it is immaterial that, as admitted at bar, the service of the writ against the Railroad Com-

pany was made upon a clerk upon whom process against the Director General might have been served if the suit had been brought against him."

It is clear that the right party was never sued. A non-existent corporation was sued; the suit against it and any verdict and judgment recovered therein would have been worthless and an absolute nullity; a suit void ab initio cannot be amended after the statute of limitations has expired by bringing in a new party, even though the new party was trading under the same name as the original party defendant and might have been originally sued.

I would affirm the judgment of the lower court.

Mr. Justice HORACE STERN joins in this dissenting opinion.