## Unemployment Compensation Fund v. Stein

*Herbert B. Cohen* and *Morley W. Baker*, for plaintiff.

*Robert A. Enders*, for defendant.

RICHARDS, P. J., December 10, 1958.—When this case was before us previously, the complaint, in paragraph six as then amended, asserted a "fault" payment to defendant. However, the exhibits evidencing the action taken showed only an "invalid" payment. We held that the finding must show a fault payment to justify the action in assumpsit. However, we refused to enter judgment and left the way open for amendment.

Plaintiff has since presented a petition to amend. Attached to the petition are exhibits which show that the case was reopened. The Bureau of Employment Security found a "fault" payment and notified defendant thereof on April 2, 1956. This action was affirmed by the Unemployment Compensation Board of Review on July 29, 1957.

Defendant in his answer to the petition to amend charges that the amendment states a new cause of action which is barred by limitation. The period of limitation expired on July 22, 1956.

We cannot agree that the amendment requested states a new cause of action. The original complaint alleged a "fault" payment and that was the basis of the

suit. Also, the original complaint was filed long before the statute of limitations had run. Furthermore, there has been a finding of "fault" payment by the Bureau of Employment Security *before the statute had run.* It took sometime to process the case, but this finding of "fault" payment was affirmed by the board on July 29, 1957. Thereafter, on November 19, 1957, the petition to amend was filed.

In 3 Standard Pa. Practice 683, §21, it is stated:

". . . the mere fact of the running of the statute of limitations on the cause of action set forth in the plaintiff's complaint does not preclude an amendment of that complaint if the cause of action remains the same. In this instance the test of an amendment is not the statute of limitations, but whether the amendment introduces a new cause of action. . . . The criterion for determining whether or not an amendment may be made after the statute of limitations has run is whether the defendant will be prejudiced by the amendment or whether the cause of action is changed thereby. The general principle that amendments which will deprive the opposite party of any valuable right will not be allowed precludes the allowance of amendments which would deprive the defendant of his right to assert the bar of the statute of limitations, or otherwise deprive him of any substantial or valuable right."

Mr. Justice Musmanno made some comment on this. In Waugh v. Steelton Taxicab Company, 371 Pa. 436, in speaking about an amendment causing prejudice to the other party, he uses the following pertinent language, on page 439:

"To attach as a condition, in allowing an amendment where the right party is in court, that that party must not be prejudiced, is to produce a condition that devours the grace because the defendant is always bound to be prejudiced. That is the whole purpose of the pro-

cedure, namely that the defendant be required to answer for an offense charged against him."

Relying upon our own conclusions fortified by the above authorities, it is our opinion that the amendment should be allowed.

And now, to wit, December 10, 1958, the amendment to the complaint is allowed as prayed for.