### Harold v. Atlantic Richfield Co.

*Joseph Leeson*, for plaintiffs.

*Stanley Stettz*, for defendant.

GRIFO, J., November 2, 1970.—This action in trespass was instituted by the issuance of a summons in which one of defendants was designated as "Gordon Baver." Service of the summons was made on "Gordon Baver." After the statute of limitations had run, plaintiff discovered that "Gordon Baver" was a corpo-

ration and not an individual. He, therefore, moved by petition to be allowed to amend his complaint to change the designation of defendant from "Gordon Baver" to "Gordon Baver, Inc."

The following colloquy took place at the hearing:

"Mr. Leeson: The petition in this matter here is to substitute the party. Gordon Baver is named as a defendant in this action. The reason for this was because Atlantic Richfield Company, when I checked with them, told me Gordon Baver was the contractor, and Charles Wieand was the plumbing contractor. Based on that, I had a telephone conversation with Gordon Baver's office and I talked to the secretary down there, and she told me he was the contractor. So, I sued Gordon Baver. After we got the suit started, Mr. Stettz told me Gordon Baver, Inc. signed the contract. We agreed that Gordon Baver, Inc. did sign the contract and I make a motion, therefore, to add those words in to substitute the party in the record, and this motion is before the Court this morning.

"Mr. Stettz: I advised counsel, Your Honor, that Gordon Baver, Inc. was a corporation which had been continued for a long period of time prior to this, and what occurred is that the praecipe filed, was really filed on the last day or two of the Statute. So, this really is an amendment after the Statute of Limitations had run, and therefore I am objecting to it. Really, what we wanted to put on the record is that Gordon Baver is listed as an individual and was served as an individual.

"Mr. Leeson: I will agree he was.

"Mr. Stettz: Then, also, we agreed that this work performed in the complaint, was work performed by Gordon Baver, Inc. and the contract signed in that capacity. I guess with those two items we would be in a position to present legal argument to the Court."

Defendant argues that the substitution of "Gordon Baver, Inc., a corporation," for "Gordon Baver, an individual," is improper because it would introduce a new party after the statute of limitations had run against such party.

The law is clearly settled that after the statute of limitations has run, an amendment will not be allowed if its effect is to bring in a new party: Bahas v. Wilczek, 324 Pa. 212, 188 Atl. 139 (1936); Powell v. Sutliff, 410 Pa. 436, 189 A. 2d 864 (1963); Girardi v. Laquin Lumber Company, 232 Pa. 1, 81 Atl. 63 (1911).

The test of whether the proposed new party is, in fact, a new party is laid out in Gozdonovic v. Pleasant Hills Realty Company, 357 Pa. 23, 53 A. 2d 73 (1947).

The test laid down by Justice Stern was whether "the right party was sued but under a wrong designation," in which event an amendment was permissible, or whether "a wrong party was sued and the amendment was designed to substitute another and distinct party" in which event the amendment was not permissible.

Ordinarily, there is no doubt that to allow the substitution of a corporation for an individual is "to substitute another and distinct party." Corporations are legally constituted, separate and distinct entities. In Waugh v. Steelton Taxicab Company, 371 Pa. 436, 89 A. 2d 527 (1952), the Supreme Court permitted an amendment although the effect of it was to substitute an individual for a business entity, the converse of this case. The Supreme Court in Powell v. Sutliff, supra, limits the Waugh case because of the involvement of deception. It reiterates the rule in footnote 6 at page 439 that plaintiff cannot substitute individuals for corporations, the converse of our case, as follows:

". . . In Waugh v. Steelton Taxicab Company, 371 Pa. 436, 89 A. 2d 527 (1952), we permitted an amend-

ment although the effect of it was to substitute an individual for a business entity. In that case, however, we were concerned that the plaintiff's error in pleading might have resulted from deception on the part of the defendant."

Girardi v. Laquin Lumber Company, supra, clearly prohibits the substitution of individuals for corporations. Powell v. Sutliff, supra, confirms that holding.

The facts in the instant case are, however, that no new parties are added. This is not the case of the introduction of a new party after the statute has run, as was the case in Girardi v. Lacquin, supra. Plaintiff, in fact, named and served the right party, i.e., Gordon Baver, the man who was actually doing the work. Plaintiff failed to find out, however, that the party was incorporated. Under the Gozdonovic v. Pleasant Hills Realty Company, supra, test, the "right party was sued but under a wrong designation" and the amendment is permissible. Accordingly, the following:

### ORDER

And now, to wit, November 2, 1970, the rule heretofore issued is made absolute, and permission to amend is allowed in accordance with the foregoing opinion.