531 A.2d 494

JACOB'S AIR CONDITIONING AND HEATING, Appellant,

v.

ASSOCIATED HEATING AND AIR CONDITIONING.

Superior Court of Pennsylvania.

Argued June 17, 1987.

Filed Sept. 22, 1987.

Scudder G. Stevens, Philadelphia, for appellant.

William E. Jones, West Grove, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

CERCONE, Judge:

The issue before this court is whether the trial court properly denied appellant leave to file an amended complaint after the statute of limitations had run on the underlying action. We hold that the trial court did err in not permitting the amended complaint.

Appellant, Jacob's Air Conditioning and Heating, commenced this action by filing a summons on November 14, 1984, followed by the filing of a complaint on May 21, 1985 against appellee, Associated Heating and Air Conditioning, for amounts due in connection with appellant's alleged sale of services and materials regarding installation of certain "Peerless Boilers". On July 29, 1985, appellee filed preliminary objections to appellant's complaint to which appellant subsequently filed an amended complaint on September 10, 1985. Appellee then filed preliminary objections to appellant's amended complaint on September 25, 1985. Included in appellee's preliminary objections was the objection that appellant did not have legal capacity to bring this action as Jacob's Air Conditioning and Heating was not registered as either a Pennsylvania corporation or a foreign corporation authorized to do business within the Commonwealth of

Pennsylvania. On October 17, 1985, appellant filed an answer to appellee's preliminary objections contending, *inter alia*, that appellant is a Pennsylvania corporation and has the capacity to bring this action.

The lower court entered an order on October 6, 1986, neither sustaining nor dismissing appellee's preliminary objections to the amended complaint and directing the parties, pursuant to Rule 1028(c) of Pennsylvania Civil Procedure, 42 Pa.C.S.A. "to present evidence in compliance with the standard outlined in 42 Pa.C.S.A. § 6103, regarding the status of appellant's corporate existence under 15 P.S. §§ 1206 and 1207". Appellee subsequently submitted a Department of State Certificate to the court demonstrating that a search of the relevant Commonwealth records had failed to disclose a corporation entitled Jacob's Air Conditioning and Heating. Thereafter, on November 5, 1986, the court sustained appellee's preliminary objections raising the defense of lack of capacity to sue, dismissed appellant's amended complaint and dismissed the remaining preliminary objections as moot.

In the interval between the time appellant filed an amended complaint, in which he maintained that Jacobs Air Conditioning and Heating was a Pennsylvania corporation, and the time appellant filed a petition for reconsideration, the statute of limitations had expired on the underlying cause of action. On November 17, 1986, appellant filed a petition for reconsideration stating that the statute of limitation on the underlying action had in fact run and that appellant should have been granted the opportunity to amend the complaint to show that the individual, Fred P. Jacobs and the fictitious name Jacob's Air Conditioning and Heating were one and the same entity or agent, and further that defendant knew of this sameness of capacity as a fact. Appellants request was denied on November 20, 1986, and this timely appeal followed.

The initial focus of our inquiry must begin with Rule 1033 of Pennsylvania Civil Procedure 42 Pa.C.S.A., which states:

A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.C.P. § 1033.

Generally, the right to amend a pleading should be liberally granted to secure determination of cases on their merits whenever possible. *See Gregg v. Gacon Const. Co.,* 249 Pa.Super. 377, 378 A.2d 344 (1977). However, amendments will not be permitted where surprise or prejudice to the other party will result. *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983); *Mancine v. Concord—Liberty Savings and Loan Ass'n.,* 299 Pa.Super. 260, 445 A.2d 744 (1982).

In situations where the statute of limitations had run and a party proposes an amendment to a complaint, as in the instant case, the question to be resolved is whether the proposed amendment merely corrects a party name or adds a new party to the litigation. If an amendment constitutes a simple correcting of the name of a party, it should be allowed, *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842 (1976).

Appellee understood that this legal action stemmed from a transaction he allegedly entered into with Jacob's Air Conditioning and Heating. The fact that Jacob's Air Conditioning and Heating was a fictitious name or whether the fictitious name was owned by an individual or corporation does not affect appellee's alleged contractual obligations. There is no change of assets subject to liability by permitting appellant to amend its pleading. This is a common concern in cases where a party has not been permitted

to change the form of the business entity. Stated otherwise, appellee could not be prejudiced regardless of the form of the business entity if the assets subject to liability remain the same. Generally, when an appellee will not be prejudiced by the proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change.

*Waugh v. Steelton Taxicab Co.*, 371 Pa. 436, 89 A.2d 527 (1952), a case on which the lower court relied, further illustrates the reasoning supporting a decision to permit a party to change the name of a fictitious corporation to that of the owner. In *Waugh*, plaintiff brought a trespass action against defendant as a corporation. After the statute of limitations had run, plaintiff had learned that the Steelton Taxicab Company was not a corporation but a fictitious name used by defendant. The Pennsylvania Supreme Court held that plaintiff should be allowed to amend the complaint because this was not adding a new party but merely correcting a party already on record. Justice Musmanno, speaking for a majority of the court, stated, "In the case at bar no one other than Kosir (defendant) was ever involved because *there was no entity* as the Steelton Taxicab Company *apart from the personality of Kosir.*" *Id.*, 371 Pa. at 440, 89 A.2d at 529 [emphasis in the original].

The reasoning applied by Justice Musmanno in permitting the plaintiff to amend his complaint in *Waugh*, is directly applicable to the matter before us. As in *Waugh*, no one other than appellant was ever involved because there was no entity as Jacobs Air Conditioning and Heating apart from the personality of Fred Jacobs.

In *Fretts v. Pavetti*, 282 Pa. Super. 166, 422 A.2d 881 (1980), the statute of limitations did not prevent an amendment of pleadings directing suit against a sole proprietor rather than the originally designated corporation. The counsel for plaintiff in *Fretts* assumed that the business was a corporation due to its improper registration under the Fictitious Names Act, 54 P.S. § 28.1 *et seq.* However, the corporation named did not actually exist and the sole propri-

etor, as was the situation in *Waugh*, had been the only person involved from the outset. The court based its decision to permit amendment of the pleading on the reasoning that, "When the original complaint seeks to impose liability against the assets of a business entity and the amendment is designed merely to correct the description of the business entity already made a party to the proceedings ... the amendment is properly permitted." *Id.*, 282 Pa.Superior Ct. at 171, 422 A.2d at 883.

The reasoning in *Waugh* and *Fretts* is applicable to the instant case. Appellant and Jacob's Air Conditioning and Heating are one and the same. The amendment will not alter the assets subject to liability.

Accordingly, we find that appellee will not be prejudiced by permitting appellant to amend the pleading. The decision of the lower court is reversed and remanded to allow appellant to amend his complaint and to pursue his claim of recovery for sale of services and materials regarding the installation of boilers.

Jurisdiction is relinquished.