**Crawford v. Shop Rite Supermarket Inc.**

*Mary Matkoff Cohen,* for plaintiffs.
*Thomas J. Brodley,* for defendant.

ACKERMAN, *J.,* October 27, 1998—This is an appeal by the plaintiffs from this court's order of October 2, 1998, granting defendant Shop Rite Supermarket Inc.'s motion for summary judgment and dismissing plaintiffs' action with prejudice.

The essential facts underlying this case are not in dispute.

The state of the record at the entry of summary judgment was clear to the effect that the defendant, Shop Rite Supermarket Inc., was not the owner nor in control of the premises where the plaintiff, Keith Crawford, had allegedly been injured.

The basic issue involved in this case and underlying the granting of summary judgment was whether this court erred in denying plaintiffs' prior petition for leave

to amend their complaint "correcting the name of defendant from 'Shop Rite Supermarket Inc.' to 'Trio Food Centers Inc. d/b/a Shop Rite Supermarket t/a Shop-Rite.' "

The petition to amend was filed on May 4, 1998, admittedly five months and seven days after the two-year statute of limitations had expired on the alleged incident of November 28, 1995.

At the time of the filing of the plaintiffs' complaint on August 8, 1996, the supermarket located at 301 West Chelten Avenue, in Philadelphia, Pennsylvania, (where plaintiff allegedly fell) was operated, possessed and maintained by Trio Food Centers Inc. Trio Food Centers Inc. is a Pennsylvania corporation and is a member of a cooperative known as Wakefern Food Corporation. (See affidavit of Rafael Lissack, president of Trio Food Centers Inc., which is attached as exhibit "A" to defendant's response for leave to amend complaint.) As a member of the cooperative known as Wakefern Food Corporation, Trio Food Centers Inc. trades under the name "ShopRite." Other individually owned corporations who are members of the cooperative also trade under the name "ShopRite."

Trio Food Centers Inc. is a Pennsylvania corporation, which is located and registered to do business in the Commonwealth of Pennsylvania, and was so licensed and registered on the date of the alleged accident, November 28, 1995. At all times since February 1980, Trio Food Centers Inc. was a tenant at 301 West Chelten Avenue, Philadelphia, Pennsylvania, and operated, controlled and maintained the supermarket located at that address. See exhibit "A" attached to defendant's re-

sponse for leave to amend complaint and exhibit "1" which is attached to exhibit "A."

Shop Rite Supermarket Inc., the defendant herein, is a New Jersey corporation. Shop Rite Supermarket Inc. also operates a number of retail supermarkets in a number of states, including New Jersey and Pennsylvania. Shop Rite Supermarket Inc. is also a member of Wakefern Food Corporation and, as such, operates its retail supermarkets as "ShopRite" supermarkets. Shop Rite Supermarket Inc. did not operate the supermarket located at 301 West Chelten Avenue, Philadelphia, Pennsylvania, on November 28, 1995, or at anytime either before or after November 28, 1995. Shop Rite Supermarket Inc. is a separate and distinct corporation from Trio Food Centers Inc. The corporate headquarters and principal place of business of Shop Rite Supermarket Inc. is Edison, New Jersey. As admitted by plaintiffs in their motion for leave to amend, the corporate address of Trio Food Centers Inc. is 5 East Wynnewood Road, Wynnewood, Pennsylvania.

Thus, two distinct entities existed when the complaint was filed and plaintiffs brought suit against the wrong party and sought after the statute of limitations had run to substitute the correct party.

In the instant matter, following the alleged incident, plaintiffs' counsel began settlement negotiations with Risk Services Inc. Risk Services Inc. is the self-insured administrator for members of the cooperative known as Wakefern Food Corporation. As such, Risk Services Inc. represents members of the cooperative who trade as "ShopRite." Plaintiffs claim that written correspondence from Risk Services Inc. indicates that the adjusters

were representing ShopRite supermarkets. However, an examination of the correspondence attached by plaintiffs to their motion for leave to amend reveals that the insured is referred to simply by its trade name, "ShopRite." Plaintiffs have not produced any documents that show that Risk Services represented that the defendant operated the involved store, nor have plaintiffs claimed that their counsel asked any adjuster from Risk Services Inc., who the entity was that operated the supermarket located at 301 West Chelten Avenue, in Philadelphia, Pennsylvania.

On August 8, 1996, plaintiffs filed a civil action complaint in Philadelphia County Court of Common Pleas. Within the complaint, plaintiffs claim that the supermarket located at 301 West Chelten Avenue was owned, possessed and controlled by Shop Rite Supermarket Inc. Within two weeks of filing the complaint, plaintiffs served the complaint at 301 West Chelten Avenue and at CT Corporation at 1635 Market Street, Philadelphia, Pennsylvania. As admitted by plaintiffs within their motion for leave to amend, Shop Rite Supermarket Inc. has an address for service, care of CT Corporation.

On or about September 11, 1996, more than 14 months before the expiration of the statute of limitations, defendant filed an answer with new matter to plaintiffs' complaint.[1] In response to allegations contained within the complaint, Shop Rite Supermarket Inc. denied having ever conducted business at 301 West Chelten Avenue, Philadelphia, Pennsylvania, and denied having ever owned, possessed or controlled the property located

---

1. A copy of defendant's answer to plaintiffs' complaint is attached to plaintiffs' petition for leave to amend as exhibit "H."

at 301 West Chelten Avenue, Philadelphia, Pennsylvania.[2] Plaintiffs filed an answer to the defendant's new matter on October 7, 1996. At no time after defendant's answer to the complaint was filed, did plaintiffs' counsel ask defense counsel who owned and/or operated the supermarket located at 301 West Chelten Avenue, Philadelphia, Pennsylvania, on the date of the alleged incident. Similarly, at no time before April 22, 1998, almost five months after the expiration of the statute of limitations did plaintiffs' counsel request that the parties sign a stipulation adding the entity that possessed and operated the supermarket located at 301 West Chelten Avenue, Philadelphia, Pennsylvania, as a defendant.

Although plaintiffs served defense counsel with a request for production of documents on or about December 1996, the discovery request did not seek production of documents relating to the ownership or operation of the supermarket located at 301 West Chelten Avenue in Philadelphia, Pennsylvania. Moreover, even though defense counsel never provided a formal response to the request for production of documents, all discoverable documents responsive to the request for production of documents were provided to plaintiffs' counsel as they were received by defendant's counsel.

Plaintiffs' counsel also neglected to inform the court that plaintiffs responded to the defendant's request for production in the same manner that the defendant responded to plaintiffs' request for documents. Plaintiffs' counsel wrote on December 4, 1996, in the same letter

---

2. See paragraphs 2 and 10 of exhibit "H" attached to plaintiffs' petition for leave to amend.

in which the plaintiffs enclosed their request for production of documents, "Please be advised that in lieu of a formal response to defendant's request for production of documents, we enclose all discoverable documents in our file."

This court under the circumstances has not found any appellate authority which would have permitted the granting of plaintiffs' petition to amend their complaint and adopts in many respects the authorities and argument cited in the memorandum of defendant in response to plaintiffs' petition to amend.

"In situations where the statute of limitations has run, and a party proposes an amendment to a complaint, as in the instant case, the question to be resolved is whether the proposed amendment merely corrects a party name or adds a new party to the litigation." *Jacob's Air Conditioning v. Association Heating,* 366 Pa. Super. 430, 433, 531 A.2d 494, 496 (1987). The courts are settled that if the amendment constitutes a simple correcting of a name of a party, it should be allowed. *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983); *Thomas v. Duquesne Light Co.,* 376 Pa. Super. 1, 545 A.2d 289 (1988). However, if the amendment, in effect, adds a new party, it should be prohibited. *Jacob's Air Conditioning,* 366 Pa. Super. at 433, 531 A.2d at 496; *Cianchetti v. Kaylen,* 241 Pa. Super. 437, 361 A.2d 842 (1976).

In the case at bar, plaintiffs claim that their proposed amendment seeks merely to correct the name of Shop Rite Supermarket Inc. to Trio Food Centers Inc. Yet, Shop Rite Supermarket Inc. and Trio Food Centers Inc. are separate and distinct corporate entities. Shop Rite

Supermarket Inc. is a New Jersey corporation with its headquarters located in Edison, New Jersey. Shop Rite Supermarket Inc. operates a number of retail supermarkets in Pennsylvania, New Jersey, New York and Connecticut. However, at no time did defendant, Shop Rite Supermarket Inc., operate the supermarket located at 301 West Chelten Avenue in Philadelphia, Pennsylvania. On the other hand, Trio Food Centers Inc. is a closely held Pennsylvania corporation. Its president is Rafael Lissack. The corporate address of Trio Food Centers Inc. is 5 East Wynnewood Road, Wynnewood, Pennsylvania. Trio Food Centers Inc. operates only one retail supermarket, the supermarket located at 301 West Chelten Avenue. Although Shop Rite Supermarket Inc. and Trio Food Centers Inc. operate supermarkets that trade under the "ShopRite" name, there is no business affiliation between the two corporations. Thus, plaintiffs' proposed amendment is an improper attempt to add Trio Food Centers Inc. to this litigation under the guise of correcting the name of Shop Rite Supermarket Inc.

Plaintiffs in their brief have cited several cases which purportedly support their position with regard to the proposed amendment. However, a review of those cases reveals that they are factually and/or procedurally distinguishable from the case at bar. In one such case, *Waugh v. Steelton Taxicab Co.*, 371 Pa. 436, 89 A.2d 527 (1952), the court allowed the plaintiff to amend his complaint against the taxicab "company" because the "company" was not a corporation but a fictitious name used by an individual in the conduct of his taxicab business. The *Waugh* court agreed that the critical question for determination is whether the right party was sued but under a wrong designation, or whether a wrong

party was sued and the amendment was designed to substitute another distinct party. *Id.* at 438, 89 A.2d at 528. Unlike the situation in *Waugh,* plaintiffs in this case sued an actual corporation, Shop Rite Supermarket Inc. Shop Rite Supermarket Inc. is not a fictitious name. Plaintiffs simply sued the wrong party.

In another case cited by plaintiffs, *Fretts v. Pavetti,* 282 Pa. Super. 166, 422 A.2d 881 (1980), a similar situation to that of *Waugh* was presented to the court. In *Fretts,* plaintiffs sued "Stop N Shop, a corporation." Defendant, in its answer to the complaint responded that no such corporation existed and stated that the business in question was operated by Mr. Pavetti, trading and doing business as "Scottdale Stop N Shop." The court allowed the amendment because the plaintiffs had sued the right party but under a wrong designation. The *Fretts* court conceded, however, that when an amendment is sought after the expiration of the statute of limitations and the amendment attempts to impose liability on assets not originally subject to liability, the amendment should be denied. *Id.* at 171, 422 A.2d at 881. In the case presently before the court, plaintiffs are attempting to subject the assets of Trio Food Centers Inc. to liability in place of the assets of Shop Rite Supermarket Inc. In doing so, Trio Food Centers Inc. is prejudiced by the proposed amendment. *Jacob's Air Conditioning,* 336 Pa. Super. at 433-34, 531 A.2d at 496.

In two other cases cited by plaintiffs, *Russell v. American LaFrance Sales and Service Inc.,* 2 D.&C.4th 185 (1989) and *Cianchetti v. Kaylen,* 241 Pa. Super. 437, 361 A.2d 842 (1976), the court allowed amendment of the complaint.

A close reading of *Cianchetti v. Kaylen,* 241 Pa. Super. 437, 361 A.2d 842 (1976) reveals that a Henry J. Kaylen was the intended defendant in that case, but a Harry J. Kaylen was sued. There was an unsuccessful service on the named defendant, Harry J. Kaylen, and the complaint was reinstated after the statute of limitations had run and service was made on Henry J. Kaylen after the statute. Counsel entered an appearance for defendant, Henry J. Kaylen, but sought to withdraw his appearance as Harry J. Kaylen had died *before* the accident. *Thus, no Harry J. Kaylen existed as a defendant,* and it was crucial to the *Cianchetti* court that the only *possible* defendant was the intended *Henry J. Kaylen.* Only in its dicta did that court suggest that if the right party was in court as a result of service of process should an amendment be permitted. Parenthetically in the case at bar, two *different* defendants were, in fact, served.

The case of *Russell v. American LaFrance Sales and Service Inc.,* 2 D.&C.4th 185 (1989) is not binding authority and misreads the essence of the *Cianchetti* opinion.

In three other cases cited by plaintiffs, *Zimmer v. Benchmark Management Corp.,* 20 D.&C.4th 1 (1993); *Trace v. Slack Shack,* 17 D.&C.4th 146 (1992), and *Adamo v. Heck's Department Store,* 46 D.&C.3d 325 (1987), the court allowed amendment of the named defendant in each case to reflect the proper name of the defendant. For reasons already discussed, these cases are factually distinguishable from the present case. Similarly, in *Thomas v. Duquesne Light Company,* 376 Pa. Super. 1, 545 A.2d 289 (1988), the court allowed plaintiff to amend the complaint to reflect that the defendant

was a corporation rather than a sole proprietorship. Again, in the case at bar, plaintiffs' proposed amendment would add a new corporation to the lawsuit in substitution for the corporation which they sued.

Finally, plaintiffs cite *Lafferty v. Alan Wexler Agency Inc.*, 393 Pa. Super. 400, 574 A.2d 671 (1990) for the proposition that the amendment should be allowed to add Trio Food Centers Inc. as a defendant because the defendant concealed from the plaintiffs the identity of the correct defendant until the statute of limitations had run. In *Lafferty*, on two separate occasions prior to the expiration of the statute of limitations, the defendant filed preliminary objections to the plaintiff's complaint. On both occasions, the preliminary objections were sustained. In neither of the filings of preliminary objections, did the defendant indicate that the defendant did not own and/or control the subject property. Only after the expiration of the statute of limitations did the defendant indicate, in its answer with new matter to the complaint, that the defendant did not own or control the subject property. The court allowed the amendment of the complaint because the defendant had misled the plaintiff until after the statute of limitations had expired as to who was the proper defendant. Unlike the situation in *Lafferty*, in the case at bar, 14 months before the expiration of the statute of limitations, the defendant advised the plaintiffs in its answer with new matter that the defendant did not conduct a business or maintain, possess or control the supermarket located at 301 West Chelten Avenue in Philadelphia, Pennsylvania. Thus, plaintiffs were aware of the fact that they had sued the wrong party well in advance of the end of the statutory period.

Plaintiffs' proposed amendment would add a new party to this litigation beyond the expiration of the statute of limitations. The proposed amendment seeks to subject the assets of Trio Food Centers Inc. to liability in this action in place of the assets of Shop Rite Supermarket Inc. As the courts of the Commonwealth have held, to subject additional assets to liability following the expiration of the statute of limitations prejudices the party to be added to the litigation.

Additionally, plaintiffs cannot claim that the defendant concealed the fact that they were not the proper defendant in this case, as the defendant clearly stated within its answer to the complaint, which the defendant filed 14 and one-half months before the expiration of the statute of limitations, that Shop Rite Supermarket Inc. did not conduct a business where the incident allegedly occurred, and Shop Rite Supermarket Inc. did not maintain, possess or control the premises where the incident allegedly occurred.

Finally, plaintiffs admit in their petition for leave to amend the complaint that without much effort, albeit following the expiration of the statute of limitations, they obtained from public records the identity of the proper defendant. This information was just as easily available to plaintiffs prior to the filing of the complaint or at any time after the filing of the complaint but prior to the expiration of the statute of limitations. Also, despite having received the defendant's answer with new matter prior to the expiration of the statute of limitations, plaintiffs' counsel made no attempt to obtain the identity of the proper defendant from defense counsel.

Accordingly, there was no error in entering summary judgment.