**Pierpont v. Daniel Siniawa & Associates Ltd.**

C.P. of Lackawanna County, No. 2012 CV 2397

*John M. Mulcahey*, for plaintiffs.

*Lisa A. Balestrini*, for defendant Daniel Siniawa & Associates.

*Michael R. Goffer*, for defendant City of Carbondale.

MINORA, *J.*, Sept. 2, 2014—The issue before the court is the plaintiffs, Elsie Pierpont and Eugene Pierpont, (herein after plaintiffs) motion to amend caption. Oral argument was conducted on June 12, 2014, and this matter is therefore ripe for disposition. An appropriate order follows.

## PROCEDURAL AND FACTUAL HISTORY

This case arises from an accident that occurred on November 20, 2010. The plaintiff Elsie Pierpont was walking along the sidewalk on 33-37 Main Street in Carbondale. At that time, she tripped and fell over a piece of metal or piece of concrete protruding from the bottom of a lamp post that was removed by the defendants. Plaintiff's complaint alleges that Siniawa Associates was the owner and general contractor of the property located at 33-37 Main Street and the City of Carbondale was the owner of the sidewalks which abutted the aforementioned property. The complaint further asserts that the hazardous condition was present long enough for the defendants to have knowledge of the danger present. Plaintiff's complaint alleges that, as a result of the accident, plaintiff Elsie Pierpont suffered extensive injuries. Plaintiff Eugene Pierpont alleges that, as a result of the aforementioned accident of his wife Elsie Pierpont, he will be obligated to pay medical expenses now and into the future and alleges loss of the comfort, society and assistance of his wife.

The plaintiffs commenced this action on April 18, 2012 by filing a complaint, naming Siniawa Associates and the City of Carbondale as defendants. An answer was finally filed by the defendant Siniawa Associates nearly eight months later on December 12, 2012. In the defendant's

answer, the defendant responded in part by explaining that an entity named Siniawa Associates did not exist. Defendant further clarified by explaining that Daniel Siniawa & Associates Ltd. was the general contractor where a hotel was being built and Siniawa 22 L.P. was the owner of the property on which the hotel was being built, located at the address listed above. Both entities share the same business address of 851 Commerce Boulevard, Dickson City, Pennsylvania 18519. This address is where the plaintiff served the defendant, Siniawa Associates. Siniawa Associates was later amended to Daniel Siniawa & Associates Ltd. on August 8, 2013 through a stipulation to amend the caption. The stipulation amended the caption that previously named Siniawa Associates as a defendant to Daniel Siniawa & Associated Ltd.

On May 7, 2014, plaintiffs made a motion to amend the caption, listed as Daniel Siniawa & Associated Ltd. to also include Siniawa 22 L.P. Plaintiffs allege that because Daniel Siniawa & Associated Ltd. and Siniawa 22 L.P. share the same business address upon which plaintiffs served the originally listed party in the complaint, Siniawa Associates, Siniawa 22 L.P. was on notice of the claims against them; thus the statute of limitations has not run for Siniawa 22 L.P. and the amendment should be granted to properly reflect the names of all the parties.

Defendant asserts that the two corporations are different entities. Defendant claims that Daniel Siniawa & Associates Ltd. is a corporation that was formed in 1985, while Siniawa 22 L.P. was formed in 2007. Further, defendant asserts that Daniel Siniawa personally owns 100% of Siniawa & Associates Ltd., while he owns merely 6% of Siniawa 22 L.P., with the remaining 94%

owned by several other investors. Defendant further asserts that based on this, vastly different assets will be available from Siniawa 22 L.P. than from Siniawa & Associates Ltd. Defendant claims that as a result in the vastly different assets and ownership, these two entities are different parties and amendment of the caption should not be permitted as the statute of limitations has run.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1033 states that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . correct the name of a party . . . ." However, "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired." *Kincy v. Petro*, 606 Pa. 524, 2 A.3d 490, 497 (2010); *Phillips v. Lock*, 86 A.3d 906, 915 (Pa. Super. Ct. 2014); *Tork-Hiis v. Com.*, 558 Pa. 170, 735 A.2d 1256 (1999). Amendment pursuant to Rule 1033, should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party. *Piehl v. City of Philadelphia*, 604 Pa. 658, 671, 987 A.2d 146, 154 (2009).

Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which [a party] is sued. *Blaine v. York Fin. Corp.*, 847 A.2d 727, 729 (Pa. Super. Ct. 2004). If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused. *Blaine* at 729 (citations omitted). The court has stated "emendations correcting the name of a party, *e.g.*, from corporation to partnership or vice-versa, will

be allowed after the statute period has ended." *Fredericks v. Sophocles,* 831 A.2d 147, 150 (Pa. Super. Ct. 2003); *See Powell v. Sutliff,* 410 Pa. 436, 189 A.2d 864 (1963). However, where the proposed change has the effect of adding a new party, it should be prohibited. The imposition of liability on a new and distinct party after the statute of limitations has run is the result to be avoided. *Fredericks* at 150. The test of whether an amendment to a complaint is permissible is whether the right party is sued but under a wrong designation, in which event the amendment is permissible, or whether a wrong party is sued and the amendment is designed to substitute another and distinct party. *Tork-Hiis v. Com.* at 170, 735 A.2d at 1256.

Plaintiff's claim is governed by the two-year statute of limitations set forth in 42 Pa. C.S.A. §5524(2). Since the subject accident occurred on November 22, 2010, the two-year statute of limitations lapsed on November 21, 2012, prior to the dilatory filing of the defendant's answer.

In order to secure a determination of cases on their merits the trial court should grant, whenever possible, a petition to change the name on a pleading. *Jacob's Air Cond. v. Assoc. Heating,* 366 Pa. Super. 430, 531 A.2d 494 (1987). However, if the other party suffers prejudice or surprise, the petition to change the name of a party will not be permitted. *Id.,* 366 Pa. Super. at 433, 531 A.2d at 496, citing *Spain v. Vincente,* 315 Pa. Super. 135, 461 A.2d 833 (1983); *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 516 A.2d 299 (1986); *Zercher v. Coca-Cola USA,* 438 Pa. Super. 142,145, 651 A.2d 1133, 1134(1994). The prejudice "must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the

amending party and correspondingly weaken the position of the adverse party." *MacGregor v. Mediq Inc.*, 395 Pa. Super. 221, 576 A.2d 1123, 1126 (1990); *Piehl v. City of Philadelphia*, 604 Pa. 658, 671-72, 987 A.2d 146, 154-55 (2009).

In *Phillips v. Lock*, 86 A.3d 906 (Pa. Super. Ct. 2014), the plaintiff was barred from adding corporate defendant "Krapf Coaches" to the complaint after the applicable statute of limitations had ran. In *Phillips*, "Krapf Coaches," was found to be a wholly distinct corporate entity from the originally plead defendant "Krapf and Sons". Thus, the plaintiff was precluded from amending complaint to add "Krapf Coaches" as a defendant on claims after applicable limitations period had expired, "especially since motorist learned...that defendants were two separate and distinct corporate entities." *Id.* at 906. The court cited to the decision in *Powell*, stating in part that "the plaintiff identified the defendant as a partnership, later learned it was a corporation, and the trial court permitted the correction of this designation because "the proposed amendment merely seeks to correct the designation of that business entity," which already was a party. *Phillips* at 916 (citing *Powell* at 865). The court further stated that "...[a]ppellants sought to add a wholly new, separate, and distinct business entity" by seeking to add Krapf Coaches to the litigation. *Id.*

Plaintiffs rely on *Waugh v. Steelton Taxicab Co.*, 371 Pa. 436, 89 A.2d 527 (1952) for their contention that an amendment should be granted to allow the additional defendant of Siniawa 22 L.P. to the litigation. In *Waugh*, the plaintiff designated Steelton Taxicab Company as a defendant-corporation, only to find that after the statute

of limitations had run that the said taxicab 'company' was not a corporation but a fictitious name used by Anthony John Kosir in the conduct of his taxicab business. *Id.* at. 436, 89 A.2d 527. The court held that "[a]lthough Kosir was wearing the cloak of the Steelton Taxicab Company he was the precise person involved in the accident and he was precisely the person served, through his agent employed in his very business office." *Id.* at 440, 89 A.2d at 529. The court further states "[w]hile it is true that the name of a party *already on the record* may be corrected at any time, it is elementary that a new party, or a party *in a different capacity*, cannot be brought on the record after the statute of limitations has become a bar." *Id.* (citations omitted). The court further goes on to state that, "[b]ut that proposition is not involved here at all because Kosir is not a new party nor is he a party in a different capacity."

The issue before this court is whether the party sought to be added to the caption, Siniawa 22 L.P., is a new and distinct entity to the litigation. Additionally, we must examine if Siniawa 22 L.P is comprised of vastly different assets from the currently named defendant, Daniel Siniawa & Associates Ltd., that would be available to the plaintiff to recover if the amendment was allowed. Although our case is factually similar to both of the aforementioned cases, this court cannot make a determination as to whether the party seeking to be added to the caption is a new and distinct party, as we are presented with no evidentiary record of proofs that substantiate any of the distinctive party claims made by defendants.

Plaintiff's compliant misidentified both Daniel Siniawa & Associates Ltd. and Siniawa 22 L.P., as general contractor and as owner, respectively, under the incorrect

name of Siniawa Associates. An answer correcting the mistaken identities of both of the parties in question was not filed until December 12, 2012, after the statute of limitations expired. Both entities shared the same business address and service was properly made to the listed business address for both parties and admittedly there is at least some overlap in corporate ownership. We are absent any evidentiary record of any of the officers, directors, or corporate principals of these parties.

Siniawa 22 L.P. is claimed to be the owner of the property in question. This court has not been provided with any proofs to substantiate the defendant's averments regarding the corporate structure, governance, or ownership of the entities at issue, such as incorporation documents or a deed showing ownership of the property. In order to properly examine and decide the questions presented before us, this aforementioned corporate information is both essential and necessary for our review prior to our determination as to the true structure of both corporations and whether they are separate and distinct from one another, as the defendant asserts in their brief. These certified copies of corporate documents should be presented to the court effective as of the date of the accident on November 22, 2010. These corporate documents that are to be provided must provide this court with a legally adequate evidentiary record suitable for making a proper factual determination of the claims put forth by both parties in their briefs. Other written and oral discovery can also be presented to determine whether Siniawa 22 L.P. is, in fact, a new and distinct party that is being sought to be added to the litigation. A certified copy of the governing deed as of November 22, 2010 will also be required. The court gives

514

both sides 90 days to put into evidence authentic certified copies of any and all transactional documents and/or minutes and public records relating the corporations at issue, as well as deed to the property at issue in this case, along with any written and oral discovery. It is so ordered and time is of the essence.

ORDER

Accordingly, this 2nd day of September, 2014 it is hereby ordered that the parties are granted ninety (90) days from the date of this order to conduct limited discovery in order to create a legally adequate evidentiary record pertaining to the documents associated with the corporate entities at issue. Further, this new evidentiary record is to allow this court to make a factual determination as to the proposed amendment presented. Time is of the essence.