# Maione v. Greenway Center, Inc.

C.P. of Monroe County, No. 4776 CV 1999

ZULICK, *J.*, April 2, 2015—This case is before the court on Plaintiff's Petition for Leave to Amend the Caption under Pa.R.C.P. 1033 and, alternatively, Plaintiff's Petition for Permission to File an Interlocutory Appeal Nunc pro Tunc. The case arose when Plaintiff's decedent, Mark Willet, died on June 24, 1997 while a patient at Greenway Center, a drug and alcohol treatment facility in Henryville, Pennsylvania. Plaintiff Annette Maione filed a praecipe to issue writ of summons against Greenway Center, inc. (GCI) on June 23, 1999, the day before the statute of limitations expired. Maione filed a motion to correct the name of the defendant on June 3, 2002, after discovering that Winco Acquisition, Inc. d/b/a Greenway Center (Winco) was the entity operating Greenway Center at the time of Wiliet's death.

Plaintiff's June 3, 2002 Motion to Correct the Name of the Defendant requested the court to change the name of the defendant to either "Winco Acquisition, Inc. d/b/a Greenway Center" or "Greenway Center Inc. as successor in interest to Winco Acquisition, Inc." *Plaintiff's Motion to Correct Name filed June 3, 2002.* A hearing was held in this court in October, 2002. The Hon. Peter J. O'Brien granted Plaintiff's motion and allowed the caption to be amended to name Defendant "Greenway Center, Inc. as successor in interest to Winco Acquisition, Inc." *Decision of October 9, 2002, Hon. Peter J. O'Brien, J.*

After the defendant's name was amended, Winco's insurer, Essex Insurance Company, refused to insure GCI. GCI filed a declaratory judgment action in this court on December 19, 2003. The case removed to federal court on diversity grounds by Essex. The U.S. Third Circuit Court of Appeals eventually concluded that GCI was not a successor in interest to Winco and had not met the factors for de facto merger. Essex was thus not obligated to insure GCI. *See Greenway Center, Inc. v. Essex Insurance Company*, 369 Fed.Appx. 348 (3d Cir. March 11, 2010).

On October 13, 2010, the Plaintiff in the present case filed a second motion to correct the name of the defendant to Winco Acquisitions, Inc. d/b/a Greenway Center, presumably after receiving the opinion of the Third Circuit. Winco was again permitted to intervene. In an opinion dated March 3, 2011, the Hon. Linda Wallach Miller denied the petition as it had been previously heard and decided by Judge O'Brien in 2002. Judge Miller cited the law of the case doctrine and the coordinate jurisdiction rule.

After no activity on the docket for several years, the court scheduled the case for dismissal as moribund.

Plaintiff filed an objection to termination of the action on October 14, 2014, requesting again to amend the name of the defendant, stating that the Plaintiff cannot proceed in the action under the current caption. The matter was stricken from the termination list. The Plaintiff filed the current petition for leave to amend caption, and in the alternative, for permission to file interlocutory appeal nunc pro tunc on October 31, 2014.

Winco argues in response that this issue has been raised and decided by Judge O'Brien and by Judge Miller and the petition should be dismissed. It also contends that replacing Greenway Center, Inc. with Winco Acquisition, Inc. d/b/a Greenway Center would be bringing in a new and distinct party after the expiration of the statute of limitations and should not be allowed. Winco additionally moves to receive counsel fees pursuant to 42 Pa.R.C.P. § 2503. All parties, including Winco as intervenor, filed briefs, and arguments were held in this court on March 2, 2015.

## DISCUSSION

Law of the Case Doctrine and the Coordinate Jurisdiction Rule

The superior court has addressed the law of the case doctrine as follows:

The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later stages of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.... The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy... but also operate (1) to protect the settled

expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Commonwealth v. McCandless*, 880 A.2d 1262 (Pa. Super. 2005).

"Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge," *Zane v. Friends Hosp.*, 836 A.2d 25 (Pa. 2003).

This general prohibition against revisiting the prior holding of a judge of coordinate jurisdiction, however, is not absolute. Departure from the rule is allowed in "exceptional circumstances" when there has been a change in the controlling law or where there was a substantial change in the facts or evidence.... [A]n exception is permitted where the prior holding was clearly erroneous and would create a manifest injustice if followed.... The purpose for this limited exception is largely self-evident. To accede to a coordinate judge's order that is clearly erroneous would be not only to permit an inequity to work on the party subject to the order, but would allow an action to proceed in the face of almost certain reversal on appellate review. Moreover, the requirement that the prior holding also create a manifest injustice serves as a significant curb on the exception so that it would apply to only those situations in which adhering to the prior holding would be, in essence, plainly intolerable.

*Id.* at 29-30.

Here, two judges in this court have already addressed the issue of replacing Greenway Center, Inc. as the defendant with a different defendant, Winco Acquisitions, Inc. d/b/a Greenway Center. Plaintiff's motion before Judge O'Brien requested *either* that the defendant's name be changed to "Greenway Center Inc. as successor in interest to Winco Acquisition, Inc." or "Winco Acquisition, Inc. d/b/a Greenway Center." Judge O'Brien changed it to the former, implicitly declining to allow Plaintiff to bring Winco Acquisition, Inc. d/b/a Greenwood Center into the case as a new defendant after the statute of limitations had expired.

Judge Miller properly found that the law of the case doctrine prevented her from revisiting Judge O'Brien's earlier decision on the request to substitute Winco after the statute of limitations had run. Plaintiff is not citing any new facts or law which would call for a different result now. The decision of the Third Circuit did not agree with the determination of this court that GCI was a successor in interest to Winco, but this court's earlier decision remains the law of this case.

Maione has also not established that the court's refusal to substitute Winco in 2002 amounted to a manifest injustice. The Plaintiff sued GCI. GCI was a corporate entity that did not exist when Plaintiff's decedent's death occurred:

9. Greenway Center, Inc. was set up to assume the stock from Winco Acquisition, Inc. when the bankruptcy was closed and to act as its successor in operating the facility in Henryville.

*Finding of Fact, Decision of October 9, 2002 (Hon. Peter J. O'Brien, J.)*

The Supreme Court of Pennsylvania has framed the issue as "whether the right party was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party. Amendment after a period of limitations is permissible in the former situation; in the latter it is not." *Paulish v. Bakaitis*, 275 A.2d 318, 321 (Pa. 1971). "While it is true that the name of a party already on the record may be corrected at any time, it is elementary that a new party, or a party in a different capacity, cannot be brought on the record after the statute of limitations has become a bar." *Waugh v. Steelton Taxicab Co.*, 89 A.2d 527, 529 (Pa. 1952) (emphasis omitted). A change in a party name that results in different assets being subject to liability indicates the change will bring in another distinct party. *Jacobs Air Conditioning & Heating v. Associated Heating & Air Conditioning*, 531 A.2d 494, 496 (Pa. Super. 1987).

The Supreme Court addressed a similar situation in *Hoare v. Bell Tel. Co. of Pennsylvania*, 500 A.2d 1112, 1113 (Pa.1985). There the plaintiffs sued "Monarch Furniture Company, a corporation t/d/b/a Slumber City" for a fall injury. After the statute of limitations ran, they discovered that Monarch Furniture Company was the fictitious name of an individual, Milton Kotier, at the time of the fall. They sought to amend their case to bring Kotier into the suit. The supreme court refused to do so:

> The Appellees did not seek to amend their complaint to substitute an individual doing business under a fictitious name for a non-existent corporation. The Appellees originally sued Monarch, a viable and existing corporate entity which is subject to suit, and did not sue Kotler, an individual also subject to suit. Unlike Waugh, the Appellees wish to add a party to the lawsuit. While it is

true, as the Superior Court noted, that our rules permit liberal amendment of the pleadings in order to secure a proper determination of the merits, amendment must not be so liberally allowed as to redraft a legislated statute of limitations

*Id.* at 1114.

Plaintiff's attempt to bring Winco into this suit many years after the statute of limitations has expired has no merit and is not manifestly unjust.

Plaintiff's Request for Leave to File an Interlocutory Appeal

Plaintiff seeks leave to file interlocutory appeals of Judge O'Brien and Judge Miller's orders denying Plaintiff the right to join Winco as a new party defendant. An interlocutory appeal may be filed by permission under limited circumstances:

(b) Petition for permission to appeal. Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. §702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order in the lower court or other government unit...

P.R.A.P. 1311(b).

The statement required from this court for permission to appeal is described as follows:

(b) Interlocutory appeals by permission. — When a court or other government unit, in making an interlocutory order in a matter in which its final order would be

within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa. Cons. Stat. Ann. § 702 (b).

The issue now before the court is a narrow one. Should Plaintiff be allowed to file an interlocutory appeal nunc pro tunc from orders issued on October 9, 2002 by Judge O'Brien and on March 3, 2011 by Judge Miller? These appeals were required to be filed within 30 days from the dates of the respective orders. Plaintiff's burden of proof to obtain an allowance of appeal nunc pro tunc requires proving that unusual circumstances prevented Plaintiff from filing these appeals in a timely fashion:

> "[A]n appeal nunc pro tunc is a recognized exception to the general rule prohibiting the extension of an appeal deadline.... [It] is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Union Elec. Corp. v. Bd. of Prop. Assessment*, 746 A.2d 581, 584 (Pa.2000). "'[A]n appeal nunc pro tunc may be granted ... in order to prevent injustice' in unique cases, 'upon a showing that unusual circumstances prevented a party from timely filing." *In re Borough of Riegelsville from Bucks Cnty. Bd. of Assessment & Revision of Taxes*, 979 A.2d 399, 402-03 (Pa.Cmwlth.2009) (quoting

*Hanoverian, Inc. v. Lehigh Cnty. Bd. of Assessment*, 701 A.2d 288, 289 (Pa.Cmwlth.1997)). This Court has explained:

[N]unc pro tunc relief may only be granted in limited circumstances. 'When a statute fixes the time within which an appeal may be taken, a court may not extend that time period or allow an appeal nunc pro tunc absent a showing that extraordinary circumstances involving fraud or its equivalent, duress, or coercion caused the delay in filing an appeal.'

*Id.* at 402.

*Arena Beverage Corp. v. Pennsylvania Liquor Control Bd.*, 97 A.3d 444, 448-49 (Pa. Commw, Ct. 2014) *appeal denied sub nom. Arena Beverage Corp. v. Pennsylvania Liqour Control Bd.*, 108 A.3d 37 (Pa. 2015).

Plaintiff's reason for not filing an appeal from Judge O'Brien's order in 2002 was because GCI "promptly filed a declaratory judgment action" to determine whether its insurer, Essex Insurance Company, had an obligation to provide coverage to GCI. *Plaintiff's brief.* However, the Essex declaratory judgment action was not filed until December 19, 2003. *See Greenway Center, Inc. v. Essex Insurance Company, Annette Maione, Individually and as Administratrix of the Estate of Mark Willet, No. 10173 Civil 2003, Monroe County Court of Common Pleas.* That litigation then took more than six years, ending in a determination by the federal courts that GCI was not a successor in interest to Winco and that Essex was not obligated to insure GCI under its contract with Winco. Plaintiff gives no reason why Judge Miller's order was not promptly appealed in 2011.

These reasons for not pursuing a timely interlocutory appeal do not amount to fraud, duress, or coercion that prevented the filing of the appeal. This request for leave to file appeals nunc pro tunc will therefore be denied.

Intervenor's Motion for Sanctions

Intervenor Winco Acquisition, Inc.'s motion for sanctions pursuant to 42 Pa.R.C.P. §2503 Right of Participants to Receive Counsel Fees will be denied, as this petition raised the question of the right to a nunc pro tunc appeal which was not previously addressed. That being said, the other issues raised here were already addressed by Judge O'Brien and Judge Miller.

## ORDER

AND NOW, this 2nd day of April, 2015, upon consideration of Plaintiff Annette Maione's petition, and the briefs and arguments of both parties, IT IS ORDERED, as follows:

1. Plaintiff's Petition for Leave to Amend the Caption is denied;

2. Plaintiff's Petition for Permission for Nunc Pro Tunc Appeal of the Interlocutory Orders of October 9, 2002 and March 3, 2011 is denied;

3. Intervenor Winco Acquisitions, Inc.'s Motion for Sanctions pursuant to 42 Pa.R.C.P. § 2503 is denied.

4. A status conference to schedule the earliest date on which the case may be tried pursuant to P.R.C.P. 212.1 shall be held on the 21st day of May, 2015, at 2:00 o'clock p.m., in Courtroom No. 5, Monroe County Courthouse, Stroudsburg, Pennsylvania.