953 A.2d 1244

**INFORMATION SYSTEMS SERVICES, INC., Appellee**

v.

**Jonathan PLATT, Appellant.**

Supreme Court of Pennsylvania.

Argued May 14, 2008.

Decided Aug. 19, 2008.

Jane E. Leopold–Leventhal, Esq., Robert M. Cox, Esq., Eastburn and Gray, P.C., Doylestown, for Jonathan Platt.

Michael J. McCaney, Jr., Esq., Flamm, Boroff & Bacine, P.C., Blue Bell, for Information Systems Services, Inc.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD and McCAFFERY, JJ.

## OPINION

Justice SAYLOR.

This appeal concerns the ability of a shareholder to maintain a cause of action originally commenced in a Pennsylvania court of common pleas by a foreign corporation which lacked good standing in its home state and failed to obtain a certificate of authority in Pennsylvania.

Appellee, Information System Services, Inc. ("ISS"), developed computer consultation software. It was incorporated in New Jersey in January 1981 and maintained its principal place of business there. In June 1994, however, New Jersey revoked ISS's certificate of incorporation for failing to file annual reports. ISS's corporate charter has not been reinstated, and therefore, its general powers conferred by New Jersey law were suspended. See N.J.S. §§ 14A:4–5(5).

Two months after the revocation, ISS purported to sell various corporate assets, including a retail-sales software system, to Appellant, Jonathan Platt, a Pennsylvania resident. The sales agreement was executed in Newtown, Pennsylvania, and was signed by ISS's president and sole shareholder, Jack Liberi, on the corporation's behalf. The agreement contained representations and warranties that ISS was a corporation in good standing as a domestic entity under New Jersey law and as a foreign corporation as required by other law, and that ISS maintained full corporate power and authority to enter into the agreement and consummate the transaction. The consideration was to be $350,000, paid in three installments by

Platt. Despite the representations and warranties, in addition to lacking good standing in New Jersey, ISS also failed to obtain a certificate of authority from the Pennsylvania Department of State, a prerequisite to "doing business" in the Commonwealth by a foreign corporation. *See* 15 Pa.C.S. § 4121(a) ("A foreign business corporation, before doing business in this Commonwealth, shall procure a certificate of authority to do so from the Department of State, in the manner provided in this subchapter.").

In 2004, ISS filed a complaint in confession of judgment, contending that Platt had failed to tender full payment under the sales agreement. Initially, judgment was entered on the confession, but it was subsequently opened in January 2005, upon Platt's petition. Platt then moved for summary judgment against ISS, alleging that it lacked the capacity to sue, in light of the revocation of its New Jersey corporate charter, as well as its failure to obtain a certificate of authority in Pennsylvania, *see* 15 Pa.C.S. § 4141(a) ("A nonqualified foreign business corporation doing business in this Commonwealth ... shall not be permitted to maintain any action or proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority."). ISS opposed the entry of summary judgment and filed a motion to amend the caption, requesting to substitute "Jack Liberi t/a ISS" as the plaintiff.

The common pleas court awarded summary judgment in Platt's favor. First, the court indicated that ISS's capacity to sue should be determined according to the law of New Jersey, the state of ISS's incorporation. Referring to New Jersey Statute 14A:4–5(5) (authorizing the state treasurer to issue a proclamation declaring a certificate of incorporation to have been revoked and that all powers conferred by law are inoperative and void), the common pleas court concluded that ISS lacked the authority to sue. The court also found that ISS lacked the capacity to sue in Pennsylvania under Section 4141(a) of the Commonwealth's Foreign Business Corporation Law, because it did not obtain a certificate of authority in Pennsylvania, a prerequisite to initiating an action in courts of

the Commonwealth. *See* 15 Pa.C.S. § 4141(a). Based on its determination that summary judgment was appropriate in light of ISS's lack of capacity to sue, the common pleas court reasoned that ISS's motion to amend the caption was moot. The court also indicated that, even if the motion to amend were granted, Liberi also lacked capacity to sue under Section 4141(a)'s proviso that: "Nor . . . shall any action or proceeding be maintained in any court of this Commonwealth by any *successor* or assignee of the corporation on any right, claim or demand arising out of the doing of business by the corporation in this Commonwealth until a certificate of authority has been obtained by the corporation or by a corporation that has acquired all or substantially all of its assets." 15 Pa.C.S. § 4141(a) (emphasis added).

ISS appealed, arguing that the common pleas court erred in refusing to permit it to amend the caption to substitute Liberi, in his individual capacity, as plaintiff. ISS contended that Liberi is not subject to the requirement of Section 4141(a), because he is not a corporation, and therefore, could not be subject to the corporation-specific requirement to obtain a certificate of authority. In its opinion under Rule of Appellate Procedure 1925(a), the common pleas court repeated its position that Liberi was a successor in interest to ISS, a corporation that lacked the capacity to sue in Pennsylvania. The court concluded that ISS was simply attempting to alter the business classification in an attempt to circumvent Section 4141(a)'s requirement that it obtain a certificate of authority.

The Superior Court reversed in a published opinion. *See ISS v. Platt,* 920 A.2d 846 (Pa.Super.2007). The court held that, because the sales agreement was signed after New Jersey revoked ISS's corporate charter, ISS did not need to obtain a certificate of authority prior to initiating suit in Pennsylvania. According to the Superior Court, the revocation effectuated a complete dissolution of the corporation, such that the sales agreement was between Platt and a "nonexistent corporation." *Id.* at 849. In such circumstances, the court reasoned that the ostensible corporation and the sole proprietor are to be considered "one and the same." *Id.*

(citing *Jacob's Air Conditioning & Heating v. Associated Heating & Air Conditioning*, 366 Pa.Super. 430, 531 A.2d 494, 496 (1987)). Since the amendment to the caption to substitute Liberi as plaintiff would not alter the assets subject to liability, the Superior Court found no prejudice to Platt and concluded that the petition to amend should have been granted. *Id.* Finally, the court rejected Platt's contention that Liberi is subject to Section 4141(a) as the successor to the corporation. Referencing the language of Section 4141(a), the Superior Court reasoned that the statute prohibits only successors or assignees of corporations from initiating suit. Because, under the above reasoning, there was no corporation involved in the transaction in the first instance, the court concluded that Section 4141(a) could not apply.

Presently, Platt argues that the Superior Court's approach rewards ISS for its corporate malfeasance and nonfeasance by permitting it to avoid the consequences of its failure to comply with clear requirements of New Jersey and Pennsylvania law. According to Platt, ISS's noncompliance with New Jersey law resulted in the conversion of the corporation into a "non-legal entity" incapable of maintaining a valid lawsuit. Furthermore, Platt relies on Section 4141(a) as prohibiting a foreign corporation and its successors from initiating or maintaining lawsuits that arise out of business transacted in the Commonwealth without first obtaining a certificate of authority. ISS also advances the common pleas court's interpretation that Liberi is an unauthorized "successor" for purposes of Section 4141(a) and should be foreclosed from making an end-run around the statute.

ISS, for its part, agrees that it should be regarded as a dissolved corporation but, in line with the Superior Court's analysis, asserts that the consequence of the purported dissolution was that ISS assets fell to its sole shareholder, Liberi. Since Liberi signed the agreement with Platt after the asserted dissolution, ISS maintains that the agreement was effectively consummated in his right and interest, as opposed to that of the corporation. ISS stresses that Liberi, as an

individual, did not require a certificate of authority to do business or to commence a civil action in Pennsylvania.

█ This appeal is resolved, below, based upon matters of law, over which our review is plenary.

█ Upon review of the actual operation of New Jersey law, we differ with the Superior Court and the parties concerning the effect of a revocation of a corporate charter based on a failure to file annual reports. In the first instance, the governing statutes do appear to channel revocation cases into a dissolution procedure. *See* N.J.S.A. § 14A:12–1(g) (prescribing that a corporation may be dissolved "[a]utomatically by a proclamation of the Secretary of State repealing or revoking a certificate of incorporation for nonpayment of taxes or for failure to file annual reports."). However, the decisional law appears to treat revocations for failure to file annual reports in a less severe manner, as in the nature of a suspension, distinguishing the full dissolution paradigm and permitting retroactive reinstatement of corporate charters to validate actions taken during the period of revocation. *See Asbestos Workers Local Union No. 32 v. Shaughnessy,* 306 N.J.Super. 1, 703 A.2d 276, 277–78 (1997); *cf. Zeiger v. Wilf,* 333 N.J.Super. 258, 755 A.2d 608, 613–14 (N.J.Super.2000).[1]

Even to the extent that full dissolution is implicated, New Jersey law provides that a dissolved corporation continues its corporate existence and may carry on business insofar as it is necessary to wind up its affairs. *See* N.J.S.A. § 14A:12–9(1) (Effect of dissolution). Additionally, in furtherance of such end, the corporation is expressly authorized to sue and be sued in the corporate name. *See* N.J.S.A. § 14A:12–9(2)(e); *Lancellotti v. Maryland Cas. Co.,* 260 N.J.Super. 579, 617 A.2d 296, 298 (1992) (explaining that "[a] dissolved corporation exists ... to prosecute and defend suits"). *See generally* 36 AM.JUR.2D FOREIGN CORPORATIONS § 421 (2008). Finally, title to corporate assets remains in the corporation until trans-

---

1. The relation back of the reinstatement is also prescribed by New Jersey Statute. *See* N.J.S.A. § 14A:4–5(7).

ferred by it in the corporate name. *See* N.J.S.A. § 14A:12–9(2)(b).[2]

Thus, the position that ISS assets and interests immediately and automatically devolved to Liberi upon revocation of the corporate charter is unsupported in New Jersey law. In absence of evidence of some formal transfer as contemplated by New Jersey Statute 14A:12–9(2)(b), we differ with the Superior Court's conclusion that Liberi has been shown to be the direct party in interest here.

It is unknown why ISS has not attempted to cure its failure to file annual reports,[3] or proceed with orderly dissolution encompassing transfer of its assets as contemplated by New Jersey Statutes. In any event, the limited matter before us is appropriately centered on the sole question of whether Liberi may be a proper plaintiff in the present action as it has developed.[4] On the record presented, we hold that he may not.

**2.** Speaking generally as to matters of corporate law, one commentator has explained:

> In many jurisdictions, reinstatement of the corporation relates back to the effective date of the dissolution or suspension, and the corporation resumes carrying on its business as if administrative dissolution had never occurred. Thus, *the corporation retains title to its property* and thereafter may bring or defend lawsuits in its corporate name. It may proceed with the prosecution or defense of a pending lawsuit or may appeal adverse rulings.

16A Fletcher Cyclopedia of the Law of Corporations § 8112.30 (2007) (emphasis added).

**3.** While many states impose a time limit upon such remedial action, *generally* 16A Fletcher Cyclopedia of the Law of Corporations § 8112.30, New Jersey law does not contain such a limitation, *see id.* & n. 4.

**4.** We will not consider the correctness of the common pleas court's conclusion that ISS was required to obtain a certificate of authority under the Foreign Business Corporation Law prior to the commencement of its action against Platt, since that matter was not raised before the common pleas court in ISS's statement of matters complained of on appeal, or in ISS's statement of questions presented to the Superior Court as the appellant there. Instead, those submissions focused exclusively on the substitution of Liberi as the party plaintiff.

We also do not reach the debatable issue of whether, and/or under what circumstances, Section 4141(a) may foreclose proceedings by an individual successor to the assets and interests of a foreign corporation which commenced legal action without obtaining a certificate of au-

The order of the Superior Court is reversed, and the matter is remanded for reinstatement of the common pleas court's order.

Justice McCAFFERY did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, Justice EAKIN and BAER and Justice TODD join the opinion.

thority. That issue is not properly before us, since, factually, the record does not support the claim that Liberi presently holds direct title to ISS's assets and interests as a successor in the first instance.