**Russo v. Mateer**

*Jack E. Feinberg,* for plaintiff.
*Evan Black,* for defendants.

RUBRIGHT, *J.,* January 6, 1992—This matter is presently before the court on a motion for judgment on the pleadings filed by the defendant, Obstetrics & Gynecology Associates, P.D. O&G contends that it is entitled to judgment because the plaintiff's cause of action against it is barred by the applicable statute of limitations.

A review of the record reveals this procedural history: On April 12, 1991, the plaintiff filed a praecipe for summons naming the defendant as Dr. Harry O. Mateer Jr., Obstetrics & Gynecology Assoc. P.C., 200 East Arch St., Suite 400, Pottsville, Pennsylvania, 17901.

A summons was issued the same date naming the defendant as Dr. Harry O. Mateer Jr. The summons was served only on Dr. Mateer at the 200 East Arch Street address. On May 7, 1991, counsel for Dr. Mateer filed a praecipe for issuance of rule to file a complaint. In her complaint, filed on May 28, 1991, the plaintiff identifies the defendants as: Dr. Harry O. Mateer Jr., Suite 400, 200 East Arch St., Pottsville, Pennsylvania; and Obstetrics & Gynecology Associates, P.C., Suite 400, 200 East Arch St., Pottsville, Pennsylvania.

In her complaint, the plaintiff alleges that the defendants' negligence and malpractice in the delivery of her child on April 13, 1989, caused injury to the plaintiff. On June 13, 1991, the defendants filed an answer to the plaintiff's complaint with new matter, denying all liability and raising the affirmative defense that the plaintiff's cause of action against O&G was barred by the statute of limitations. No reply was filed and O&C then filed the instant motion for judgment on the pleadings.

Since the plaintiff seeks damages for injuries caused by the wrongful act or negligence of another, the applicable statute of limitations is that set forth at 42 Pa.C.S. §5524(2), which requires that suit be brought within two years. It is undisputed that the plaintiff instituted suit against Dr. Mateer by writ of summons filed within the applicable statute of limitations. The parties have a difference of opinion as to whether O&G was included as a defendant on the praecipe for summons so that it was put on notice at that time of the plaintiff's claim against it.

We find that O&G was not named as a defendant on the praecipe and therefore, the plaintiff's action against O&G was not commenced until the complaint was filed on May 28, 1991, after the statute of limitations had expired. Although the name "Obstetrics & Gynecology Assoc., P.C." appears on the praecipe for summons, it appears under the name of Dr. Mateer as part of his address. There is no conjunction which would indicate any intent on the part of the plaintiff to include O&G as a defendant. We find further support for our conclusion in the fact that the summons which was issued the same day identified only Dr. Mateer as a defendant.

Having concluded that the action against O&G was not commenced within the statute of limitations period,

we must now determine whether we should allow an amendment to the summons. Where the statute of limitations has expired and a party wishes to amend the name of a party on a complaint or summons, the question to be decided is "whether the proposed amendment merely corrects the party's name or adds a new party to the litigation." *Jacobs Air Conditioning & Heating v. Associated Heating & Air Conditioning,* 366 Pa. Super 430, 531 A.2d 494 (1987). In a case where the right party is sued under the wrong designation, an amendment may be allowed after the statute of limitations has run. *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983). This is not such a case. Nor is this a case where the corporation and the person sued are one and the same. See *Fretts v. Pavetti,* 282 Pa. Super. 166, 422 A.2d 881 (1980). Dr. Mateer and O&G are not the same entity. Although Dr. Mateer is a shareholder of O&G, he is not the sole shareholder.

We must conclude that it would be improper to allow an amendment. The effect of an amendment would be to add a new party to the litigation after the statute of limitations has run. Furthermore, there would be prejudice to O&G by its untimely inclusion in this suit because the assets subject to the plaintiff's claim would be greatly enhanced.

Based upon the foregoing, we enter this

## ORDER OF COURT

And now, January 6, 1992, at 2 p.m., it is hereby ordered that the motion for judgment on the pleadings filed by the defendant, Obstetrics & Gynecology Associates, P.C., is granted and judgment shall be entered in its favor and against the plaintiff.