J-S64033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EASY PROPERTIES, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee, | : | |
| v. | : | |
| | : | |
| | : | |
| STRATEGY RESTAURANT AND | : | |
| CATERING SERVICES, INC., | : | |
| | : | No. 4001 EDA 2017 |
| Appellant. | : | |

Appeal from the Judgment Entered, November 28, 2017,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 2722 May Term, 2016.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBRUARY 28, 2019**

Appellant, Strategy Restaurant and Catering Services, Inc. appeals from the judgment entered following a bench trial in favor of Appellee, Easy Property Holdings, LLC,[1] on Appellee's breach of contract claim.  For the reasons that follow, we affirm.

---

[1] The original caption on this case listed the plaintiff/appellee's name as "Easy Properties, LLC" rather than its proper name of "Easy Property Holdings, LLC." As the trial court noted, "though the defendant[/appellant] has gone to great lengths to argue that the specific name of the plaintiff[/appellee] is a decisive issue in this case, this [c]ourt found nothing in the evidence to suggest that the parties were ever confused or misled with respect to the identity of the plaintiff[/appellee], nor did the evidence at trial suggest fraud. . . . Nonetheless, for the sake of consistency, this [c]ourt has left the caption to stand as filed by the parties, despite the erroneous naming of the plaintiff[/appellee]."  Trial Court Opinion, 4/30/18, at 1.

The relevant facts and procedural history are as follows. On April 28, 2016, the parties entered into two separate Agreements of Sale with respect to the properties at 3026 Titan Street and 3028 Titan Street, Philadelphia, Pennsylvania. Appellee agreed to purchase these properties from Appellant. Both of these agreements erroneously stated the Appellee's name as "Easy Properties, LLC" rather than its registered business name of "Easy Property Holdings, LLC" as the buyer. The sales agreements accurately provided the names and contact information for the parties' real estate agents. The agreements also provided that the sale of the property was contingent upon the seller providing the buyer with clear title.

Sometime before the closing date, Elaine Jerome, the agent for Appellant, notified Juanita DeVine, the owner of Appellant, that the City of Philadelphia had filed liens in the amount of $1,123 against each of the properties. Ms. DeVine, on behalf of Appellant, disputed the liens and contested them through the administrative process in Philadelphia.

On the day of settlement, Frank Kumas, one of the owners of Appellee, and the real estate agents for both parties appeared for the closing. Ms. DeVine failed to appear. Ms. Jerome explained that Ms. DeVine was not attending because of the liens, and therefore Ms. DeVine did not wish to proceed with the closing. Mr. Kumas wished to go through with the sale and offered to pay for half of the cost of the liens and waive his right to terminate the contracts based on an unclear title. Appellant refused this offer and ultimately refused to close on the sale of the properties.

Appellee sued to enforce the sale. Following a bench trial, the trial court found in favor of Appellee on its breach of contract claim, and ordered the sale to proceed. Appellant filed post-trial motions, requesting that the trial court enter judgment in its favor notwithstanding the court's order. The court denied Appellant's post-trial motions and entered judgment in favor of Appellee. This timely appeal followed. Both Appellant and the trial court complied with Rule 1925.[2]

In its brief, Appellant listed six issues for our review in its statement of questions involved. Appellant's Brief at 2-3. However, it only discusses two issues in the Argument section of its brief. *Id*. at 19-21. As such, our review will be limited to those two issues. *See* Pa.R.A.P. 2111, 2119 (the argument section of the appellant's brief shall be divided into as many parts as there are questions to be argued).

The two issues before this court are:

(1) whether a non-party to a real property contract lacks standing to sue to enforce contract performance; and

(2) whether a party to a real property contract has the capacity to sue to enforce contract performance and compel specific

---

[2] Appellant listed 37 issues in his 1925(b) Statement. The trial court noted that the issues of fact and law in this case were neither convoluted nor voluminous. T.C.O., 4/30/18, at 6, n.1. Thus, the court found "the [Appellant] has no excuse for filing a voluminous and repetitive statement of matters, which is no way concise, which tends to mischaracterize the issues properly before the Court in this case, and suggests a breach of [Appellant's] duty to deal with the Court in good faith." *Id*. Despite the Appellant's unnecessarily voluminous 1925(b) Statement, the trial court succinctly grouped the issues and thoroughly addressed them in its well-drafted opinion.

performance and transfer of real property – where the party is a non-legal entity.

Appellant's Brief at 19.

In both of these issues, Appellant challenges the fact that the party listed in the agreements of sale and the party originally listed as the plaintiff in the caption of this lawsuit utilized a name for Appellee that was not its official registered business name. Thus, Appellant claims Appellee lacked standing to bring this lawsuit and lacked the capacity to sue to enforce the sales agreements. These are two questions of law. On matters of law, our standard of review is *de novo* and our scope of review is plenary. ***Thierfelder v. Wolfert***, 52 A.3d 1251, 1261 (Pa. 2012).

In its first issue, Appellant argues that "Easy Properties, LLC" lacks standing to sue because it failed to present any evidence that it "was the true contracting party and/or the real party in interest." Appellant's Brief at 20. Appellant claims there was no evidence that Appellee, "who is listed as plaintiff in the lawsuit, identified in either the first or second name change [to the caption of the lawsuit], had any connection with the real estate transactions concerning the sale of properties at 3026 and 3028 Titan Street, Philadelphia." ***Id***.

Initially, we observe that Appellant cited no legal authority to support its lack of standing argument, but merely states that "by adherence to the Rule of Law, the Court must render a finding in favor of [Appellant]."

Appellant's Brief at 20. This Court will not consider issues where Appellant fails to cite to any legal authority or otherwise develop the issue. *Commonwealth v. McLaurin*, 45 A.3d 1131, 1139 (Pa. Super. 2012); see also *Commonwealth v. Johnson*, 985 A.2d 915, 024 (Pa. 2009) (stating "where an appellate brief fails to provide any discussion of a claim **with citation to relevant authority** or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted) (emphasis added), cert. denied, *Johnson v. Pennsylvania*, 131 S.Ct. 250 (2010).

Nonetheless, we disagree with Appellant's argument that this Court should find in its favor "by adherence to the Rule of Law." The trial court concluded that the Appellant had standing to bring this lawsuit because the name listed in the agreements was a clerical error and everyone involved understood who the parties were to the contract. The trial court determined "the clear intent of the contracts was always to bind [Appellee] as the purchaser of the properties." T.C.O., 4/30/18, at 15. As the court stated, "The use of 'Easy Properties LLC' was not a nonregistered fictitious name which [Appellee] intended to use for these transactions, but rather a drafting error in the contracts." *Id*. at 19.

Even assuming, *arguendo*, it was an unregistered fictitious business name, "the law is clear that the contracts are nonetheless enforceable and [Appellee] would not be barred from maintaining suit so long as the defendant was not deceived as to the [Appellee's] true identity." *Id*. at 17. Here, the

court found that "on this record, to suggest that Appellant was not sufficiently aware of [Appellee's] true identity, or that [Appellant] did not accept the benefits of doing business with the [Appellee], is disingenuous. Therefore, even if [Appellee] had used an unregistered fictitious name in the course of these transactions, which this [c]ourt found that it had not, [Appellee] should not be estopped from maintaining suit for breach of contract against [Appellants]." *Id*. at 21.

Because the trial court found no evidence that Appellant was deceived or confused as to Appellee's true identity, or that Appellee was not the intended purchaser of the properties in question, it found Appellee did not lack standing. *Id*. We agree with the trial court and find Appellee had standing to pursue its breach of contract claim against Appellant.

In its second issue, Appellant argues that because Appellee was "a non-existent entity", it lacked legal personhood, and as such, had no capacity to sue. As support for its position, Appellant cites one case (a trial court decision from 1972), one section of Standard Pennsylvania Practice, and two excerpts from the Fictitious Name Statute. Appellant's Brief at 21. Although it cites some authority, as with the previous issue, Appellant failed to develop any real legal argument on this issue.[3] We could find waiver on this basis. *See* Pa.R.A.P. 2119.

_____

[3] We note that Appellant devoted over 16 pages of its brief to restating the procedural history of this case, but devoted less than 3 pages to its legal arguments.

Appellant appears to argue that the original listed party on the complaint was a non-exiting entity. Thus, when the caption was amended, it did not correct a clerical error, but instead, impermissibly added a new legal party to the case.

This Court addressed a similar situation in *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning*, 531 A.2d 494 (Pa. Super. 1987). There, the appellant filed a complaint under its unregistered business name. The trial court concluded that the appellant lacked the capacity to sue and denied its request to amend the complaint. However, this Court reversed and explained that:

> Appellee understood that this legal action stemmed from a transaction he allegedly entered into with Jacob's Air Conditioning and Heating. The fact that Jacob's Air Conditioning and Heating was a fictitious name or whether the fictitious name was owned by an individual or a corporation does not affect appellee's alleged contractual obligations. There is no change of assets subject to liability by permitting appellant to amend its pleading. This is a common concern in cases where a party has not been permitted to change the form of the business entity. Stated otherwise, appellee could not be prejudiced regardless of the form of the business entity if the assets subject to liability remain the same. Generally, when an appellee will not be prejudiced by the proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change.
> *Id*. at 496.

Relying on the guidance from *Jacob's Air Conditioning*, the trial court in this case reasoned as follows:

> Here, [Appellee's] amendment of the complaint was clearly a change of name only. For the purpose of these proceedings, "Easy Properties, LLC" lacks any meaningful distinction from "Easy

Property Holdings, LLC": They refer to the same entity, with the same assets and principals, for which Mr. Kumas signed the contracts indicating the intention of plaintiff to be bound as the purchaser of the properties under the contracts. [. . .] The record does not support that [Appellant] was in any way confused or deceived as to [Appellee's] true identity for the purposes of the contracts or for the purposes of this lawsuit. Further, the record is devoid of any evidence to suggest that any party other than [Appellee] was the intended purchaser contemplated by these contracts, nor is there evidence to indicate that a reasonable person could confuse "Easy Properties LLC" with some other entity besides "Easy Property Holdings, LLC" under these circumstances. No prejudice or surprise to [Appellant] resulted from the change of the caption. Finally, the evidence and unrebutted testimony of Mr. Kumas and Mr. Lasky established that "Easy Properties LLC" was simply an error on the contracts, and nothing more. Therefore, this court declined to adopt [Appellant's] theory that "Easy Properties LLC," was distinguishable or separate from "Easy Property Holdings LLC," or to find that it described some phantom party rather than the one with which defendant has dealt since the formation of the contracts in 2016. [Appellee's] amendment of the complaint was merely a change of name, and was not equivalent to the substitution of a new party.

Trial Court Opinion, 4/30/18, at 16-17.

We agree with the trial court and adopt the above analysis of this issue as our own. As the trial court noted, even if we did not consider the change in the caption to be the correction of a clerical error, and instead considered this to be the substitution of the non-existing party with an existing party, the statute of limitations in this matter had not run. *Id*. at 16. Thus, Appellee could have filed another lawsuit, using its official registered business name. Under these circumstances, we conclude that Appellee had the capacity to sue.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/28/19</u>