J-A23020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 1500 CORPORATION, TRADING AS 1500 SPE, LP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 362 MDA 2023 |
| MACRI CONCRETE, INC., NRC ROOFING, GEORGE D. BOYER & SONS, INC., AND JOHN DEKLEWA & SONS, INC. | : | |

Appeal from the Orders Entered February 1, 2023
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2018-CV-05731-CV

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: FEBRUARY 2, 2024**

This is an appeal from orders sustaining the preliminary objections of three of the appellees – Macri Concrete, Inc., NRC Roofing, and George D. Boyer & Sons, Inc. (collectively, "Defendants") – and dismissing the complaint with prejudice. Appellant ("Plaintiff") argues that the complaint permissibly corrected the identification of the plaintiff in the caption on the writ of summons from "1500 SPE, LP" to "1500 Corporation, trading as 1500 SPE, LP," and that even if the change was improper, the trial court should have allowed it to file a second amended complaint. We vacate and remand for further proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

1500 Corporation is the general partner of 1500 SPE, LP, which is a limited partnership. In 2011, the limited partnership contracted with Defendants and the fourth appellee — John Deklewa & Sons, Inc. ("Deklewa") — for the design and construction of a mixed-use building in Harrisburg. Construction was completed in 2012.

This suit began in August 2018, by writ of summons. The praecipe for the writ and the writ itself identified the plaintiff as the limited partnership, 1500 SPE, LP. The writ was served, following reissuance, on each of the defendants, except for Deklewa. To date, Deklewa has not been served.

A complaint asserting claims of breach of contract, breach of implied warranty, and negligence was filed in December 2021. The complaint alleged that rainwater began leaking into the building in 2017. The caption of the complaint identified the plaintiff as, "1500 Corporation, trading as 1500 SPE, LP."

Defendants filed preliminary objections to the change. Plaintiff filed an amended complaint, again listing the plaintiff in the caption as, "1500 Corporation, trading as 1500 SPE, LP." The body of the amended complaint identified the plaintiff as the limited partnership and stated that 1500 Corporation was included in the caption pursuant to Rule of Civil Procedure 2127(a). **See** Am. Comp. at 2, ¶ 3; R.R. 0400a. Rule 2127(a) provides, "A partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.'" Pa.R.C.P. 2127(a). The amended complaint also

specified that the leaks began in August 2017. Defendants filed preliminary objections to the amended complaint, again opposing the change.

After argument, the court sustained the preliminary objections. The court noted that under 15 Pa.C.S.A. § 8620(d), a limited partnership may sue in its own name. However, it concluded that Section 8620 is a procedural rule, and to the extent it conflicts with Rule 2127, the Rule of Civil Procedure controls.[1] The court held that the plaintiff should therefore have been identified on the writ of summons as "1500 Corporation, trading as 1500 SPE, LP," as it had on the complaint and amended complaint. The court found that because 1500 Corporation had not been listed as a party on the writ of summons, it could not file a complaint. It further found that 1500 Corporation could not have been added as a party to the action in December 2021, when it was first listed on the complaint, because this was after the statute of limitations had expired for both the negligence- and contract-based claims. The court sustained the preliminary objections with prejudice. This timely appeal followed.[2]

---

[1] **See Laudenberger v. Port Auth. of Allegheny County**, 436 A.2d 147, 151-52 (Pa. 1981) (holding all laws are suspended to the extent they are inconsistent with the Rules of Procedure prescribed by the Supreme Court pursuant to the Judiciary Article).

[2] Defendants ask us to quash the appeal. They assert that the orders sustaining their preliminary objections do not dismiss the claims against Deklewa, which did not file preliminary objections, and no final order has been entered as to that party. **See** Pa.R.A.P. 341(a) (defining a final order as one that disposes of all claims and all parties). They further argue that to the
*(Footnote Continued Next Page)*

Plaintiff raises the following issues:

1. Whether the trial court committed reversible error by granting the Preliminary Objections of [Defendants] and dismissing the Amended Complaint with prejudice where [Plaintiff] commenced the action in the name of the limited partnership without naming the general partner, but subsequently amended the caption as of right pursuant to Pa. R.C.P. 1028(c) and 1033(a)?

2. Whether the trial court committed reversible error by refusing to permit [Plaintiff] to amend the caption to conform to Pa. R.C.P. 2127(a) after the expiration of the statute of limitations where there was no change to the parties, causes of action, or assets at risk?

3. Whether the trial court erred in concluding that Section 8620(d) of the Pennsylvania Uniform Limited Partnership Act, 15 Pa.C.S. § 8620(d), is unconstitutional under Article V, Section 10(c) of the Pennsylvania Constitution.

---

extent the orders under appeal purport to dismiss all claims against all defendants, the trial court lacked jurisdiction to dismiss the claims against Deklewa because that party has not been served.

We will not quash. In sustaining the preliminary objections with prejudice, the court acted with finality. **Cf. Mier v. Stewart**, 683 A.2d 930, 930 (Pa.Super. 1996) (holding order sustaining preliminary objections and dismissing complaint without prejudice was not final order). Moreover, the court determined the action commenced by the writ of summons could not proceed without the addition of 1500 Corporation as plaintiff, but that 1500 Corporation could not be added due to the running of the statute of limitations. Thus, Plaintiff has been effectively put out of court. **See Fastuca v. L.W. Molnar & Assocs.**, 950 A.2d 980, 986 (Pa.Super. 2008) (stating, "to determine whether finality is achieved, we must consider whether the practical ramification of the order will be to dispose of the case, making review appropriate" (internal quotation marks and citation omitted)). Furthermore, as Deklewa has never been served, there is no case against it to dismiss. **See Costa v. Roxborough Mem'l Hosp.**, 708 A.2d 490, 492 n.3 (Pa.Super. 1998) (finding entry of summary judgment against one of two defendants was final order, because second defendant had never been served with original process).

- 4 -

Plaintiff's Br. at 6.

Plaintiff first argues that Rules 1028(c) and 1033(a) permit a plaintiff to amend a complaint to correct its name in response to preliminary objections as a matter of right, even after the statute of limitations has run. Plaintiff argues that it did not change the plaintiff in the case, it simply expanded its identification. It stresses the partnership is the plaintiff, as the partnership was the contracting party. Plaintiff cites ***Jacob's Air Conditioning & Heating v. Associated Heating & Air Conditioning***, 531 A.2d 494 (Pa.Super. 1987), in which it claims this Court held amendments to a party's name or form of business entity should be allowed if the assets and liabilities at issue remain the same. **See** Plaintiff's Br. at 16-17; **see also id.** at 18 (citing ***Tork-Hiis v. Commonwealth***, 735 A.2d 1256 (Pa. 1999)).

Plaintiff next argues that even if the change to the caption added a new party, the court may disregard any procedural error or defect that does not affect the substantive rights of the parties. **See** Pa.R.C.P. 126(a). Plaintiff argues that here, the change it made to conform to the procedural rule did not prejudice Defendants, who had notice from the writ that the allegations arose from the business they conducted with the partnership. Plaintiff further argues that while it amended the complaint without leave of court or the

consent of Defendants, the court never ruled on its request for leave to amend the complaint.[3]

Finally, Plaintiff argues that the court erred in ruling Section 8620(d), which allows a limited partnership to sue in its own name, unconstitutional. Plaintiff argues that the court elevated a curable procedural matter over the substantive issue of the limited partnership's legal capacity to sue. Plaintiff asserts we need not reach this issue if we find that it cured the procedural defect when it conformed to the naming convention of Rule 2127 with the complaint and amended complaint.

"[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." **Feingold v. Hendrzak**, 15 A.3d 937, 941 (Pa.Super. 2011) (citation omitted). To the extent we engage in statutory construction, we address a question of law. **Oliver v. City of Pittsburgh**, 11 A.3d 960, 964 (Pa. 2011).

Under the facts present here, the court erred in finding 1500 SPE, LP could not amend the caption to include the name of its general partner to conform with Rule 2127(a), even after the statute of limitations had run, because Defendants had actual notice within the statute of limitations and were not prejudiced. Our reasoning is as follows.

---

[3] Plaintiff asserts it made this request in response to Boyer's second Rule to File Complaint and again in its motion for reconsideration. **See** Plaintiff's Br. at 22.

The provisions at issue here do not conflict. The Pennsylvania Uniform Limited Partnership Act of 2016 provides that "[a] limited partnership is an entity distinct from its partners,"[4,5] and that it "has the capacity to sue and be sued in its own name." 15 Pa.C.S.A. § 8620(a), (d). Rule 2127(a) provides, "A partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.'" Pa.R.C.P. 2127(a). Therefore, Rule 2127 recognizes that a limited partnership itself may have the right to prosecute an action, but requires that the caption of the action name the plaintiff as the general partner trading as the limited partnership. Because both provisions may be given simultaneous effect, there is no conflict.

Here, the writ of summons did not conform to Rule 2127(a), as it did not name the general partner. Moreover, the amendment was made without the consent of the defendants or leave of court. *See* Pa.R.C.P. 1033(a) ("A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the

---

[4] A limited partnership is composed of at least one general partner, who operates the business and has unlimited joint and several liability for the obligations of the partnership, and at least one limited partner, which is shielded from liability. *See* 15 Pa.C.S.A. §§ 8621(d)(3) and (4), 8633, 8644.

[5] Before the Act of 2016, this Court held, "[a] partnership is not a separate legal entity from its partners" in other contexts not at issue here, such as whether an auto insurance policy issued to a partnership covered the partners as named insureds. *See, e.g., Cont'l Cas. Co. v. Pro Mach.*, 916 A.2d 1111, 1120 (Pa.Super. 2007).

name of a party, or otherwise amend the pleading"). The court thus properly sustained the preliminary objections.

The question then becomes whether the court erred in dismissing the complaint with prejudice, rather than allowing a second amended complaint pursuant to Rule 1033. Rule 1033 permits a party to add a party to a pleading or to correct the name of a party. Pa.R.C.P. 1033(a). Amendment pursuant to this Rule "should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Piehl v. City of Phila.*, 987 A.2d 146, 154 (Pa. 2009).

A "new and distinct" party may not be added to the complaint after the statute of limitations has run. *Id.* at 155; *see also Thom v. CDM Auto Sales*, 221 A.3d 681, 684-85 (Pa.Super. 2019). This is purely for the protection of the defendant. *See Chandler v. Johns-Manville Corp.*, 507 A.2d 1253, 1257 (Pa.Super. 1986) (explaining statutes of limitations are designed to protect defendants). But a defendant may not shield itself from prosecution based on a procedural defect in the plaintiff's commencement of an action if the defendant has actual notice of the action before the expiration of the statutory period. *See McCreesh v. City of Phila.*, 888 A.2d 664, 674 (Pa. 2005) ("Neither . . . cases nor . . . rules contemplate punishing a plaintiff for technical missteps where [the plaintiff] has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice"); *accord Frick v. Fuhai Li*, 225 A.3d 573, 578 (Pa.Super. 2019).

Therefore, the appropriate question is whether the change represents the addition of a "new and distinct party" after the statutory period such that defendants lacked notice and will suffer prejudice. *See Fredericks v. Sophocles*, 831 A.2d 147, 150 (Pa.Super. 2003) ("The imposition of liability on a new and distinct party after the statute of limitations has run is the result to be avoided").

Our prior decisions guide us here. We have held for example that where a plaintiff filed suit and later declared bankruptcy, the bankruptcy trustee may be substituted for the debtor even after the statute of limitations has expired, because the trustee stands in the shoes of the debtor. *See Morrison Informatics, Inc. v. Members 1st Credit Union*, 97 A.3d 1233, 1244 (Pa.Super. 2014). Such a substitution does not have the effect of adding a new party or cause of action, and the defendants will suffer no surprise. *Id.* Similarly, in *Jacob's Air Conditioning & Heating*, we held an individual plaintiff could be substituted for the name of the fictitious entity under which the defendant had contracted, because it did "not affect [the defendant's] alleged contractual obligations" and the amendment did not change the assets subject to liability. *Jacob's Air Conditioning & Heating*, 531 A.2d at 496.

Instructed by these cases, we conclude the trial court should have allowed the amendment. The general partner is liable for "all debts, obligations and other liabilities of the limited partnership unless otherwise agreed by the claimant or provided by law." 15 Pa.C.S.A. at § 8644. It is therefore not so "distinct" from the partnership such that its addition as plaintiff in a suit where

a partnership is seeking to enforce contracts the defendant made with the partnership would constitute surprise. This situation stands in contrast to cases in which a plaintiff seeks to add a new defendant after the statute of limitations has run or add a new plaintiff that would expand or change the available claims.

The lack of prejudice to the defendant under such circumstances becomes even more clear when considering the purpose of Rule 2127. In requiring the individual partners be included as plaintiffs when the partnership prosecutes an action, Rule 2127 protects the defendant's right to execute a favorable judgment on any counterclaims against the general partners. **See In re Penn Cent. Transp. Co.**, 419 F. Supp. 1376, 1381 (E.D. Pa. 1976); 6 Goodrich-Amram § 2127(c):2. In other words, the Rule prevents the partners from shielding themselves from counter-liability by prosecuting the action in the firm name alone. **See** 15 Pa.C.S.A. § 8645(b) (providing judgment against partnership is not judgment against non-joined partners). In fact, where a plaintiff partnership does not include the names of the partners, in violation of subsection (a), the defendant may petition for their joinder. **See** Pa.R.C.P. 2127(c) ("The failure of a partnership to comply with subdivision (a) of this rule shall not affect the right of the defendant to recover costs from both the partnership and the individual partners").

In contrast, a plaintiff need not name the partners as defendants in an action against a partnership. Pa.R.C.P. 2128(a).[6] Conversely, where a general partner prosecutes an action, without including the partnership as a party plaintiff, the partnership is not a party to the action. ***PennEnergy Res., LLC v. Winfield Res., LLC***, 301 A.3d 439, 454 (Pa.Super. 2023), *reargument denied* (Oct. 2, 2023). This is because "[a] party defending the claim should be on notice who is seeking damages." ***Id.*** Each of these rules serves to protect defendants from prejudice and surprise.

We therefore conclude the trial court erred in dismissing the complaint with prejudice. We vacate the orders and remand for the trial court to allow the amendment the caption to conform to Pa.R.A.P. 2127(a).

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2024

---

[6] Notably, when a partnership is prosecuted only in its firm name, it may then file any set-off, counterclaim, or cross-action in its firm name. Pa.R.C.P. 2128(b).